TEAL LAKE IRON MINING CO. v. OLDS.

1. TAXATION—REDEMPTION—NOTICE—RECONVEYANCE.
   Under Act No. 204, Pub. Acts 1899, amending 3 Comp. Laws, § 3959 (1 How. Stat. [2d Ed.] § 1911), the provisions for notice to the owner or grantee of last recorded conveyance require that the amount specified as paid be correctly stated: an excess of 89 cents in $148.26 was sufficient to invalidate the notice.

2. SAME—SERVICE OF NOTICE TO REDEEM—APPEAL.
>   The statute does not impose on the holder of a tax title
>   any obligation to look beyond the records of the county
>   in which the lands are located, but if he makes further
>   investigation and obtains information relative to the own-
>   ership of the property and serves a notice on the basis of
>   that information, he is in no position to maintain on ap-
>   peal, not having raised the point below, that no notice was
>   required.

Appeal from Baraga; O'Brien, J.   Submitted June
5, 1913.   (Docket No. 32.)   Decided January 5, 1914.

Bill by the Teal Lake Iron Mining Company against
Millard D. Olds.   From a decree for complainant, de-
fendant appeals.   Affirmed.

*A. E. Miller (John E. Tracy,* of counsel), for com-
plainant.

*C. S. Reilly,* for defendant.

BIRD, J.   Complainant by its bill seeks to redeem
from certain tax sales made by the auditor general
on October 4, 1902, to William H. Louks, the defend-
ant's grantor.   The land conveyed lies in Baraga
county and is described as the S. E. $\frac{1}{4}$ of section 6,
town 50, range 31 W.   The sales were made for de-
linquent taxes on this parcel or some subdivision of
it for the years 1895-1899.   The total amount paid to
the auditor general for these purchases was the sum
of $148.26.   Complainant before filing its bill tendered
into court the sum of $330 to reimburse the pur-
chaser, at the same time offering to pay such further
sum as the court might find due on an accounting.

The defendant denied the right of complainant to
redeem on the ground that his grantor, Louks, had in
the year 1903 served the statutory six months' notice
to terminate the period of redemption upon William
J. Gordon, by publication, assuming that he was the

holder of the last recorded. title to said premises. Notices were in the same year personally served on holders of certain tax deeds which were recorded. Complainant replies to this contention that the statutory notice served was not in compliance with the statute for the reason, among others, that the amount demanded in the notice as a condition for reconveyance was excessive to the extent of 89 cents. Upon the hearing the chancellor reached the conclusion that the notice was invalid for the reason stated and decreed a reconveyance of the premises upon payment of the amount which he found due defendant.

The defendant's grantor paid $148.26 to the auditor general for the conveyances. The amount demanded in the notice was $149.15, an excess of 89 cents. The question is therefore presented whether the notice should be declared invalid for this slight difference. The notice given by defendant was in pursuance of Act No. 229 of the Public Acts of 1897, as amended by Act No. 204 of the Public Acts of 1899 (1 How. Stat. [2d Ed.] § 1911 *et seq.*). Section 141 of this act provides for a reconveyance upon a tender of "the amount paid upon such purchase," etc. Section 140 specifies the form of the notice to be given, which informs the parties interested that a reconveyance will be made upon payment of the "amount paid," and provides for the insertion in the notice of the "amount paid." These sections make it clear to the tax purchaser that, before he can cut off the equities of those interested in the title, he must not only advise them how much it will cost to redeem, but also the time within which they can redeem.

It is important to those having a right to redeem to have this information stated accurately in the notice, because it is upon this information they are expected to determine whether they will exercise their right to redeem. In this case, "the amount paid" was over-

178 MICH.—22.

stated in the notice 89 cents. This sum when doubled under the statute would amount to $1.78. It is argued that this was a substantial compliance with the statute. We are of the opinion that something more than a substantial compliance with the statute is necessary in this regard. If we say that an excessive demand of 89 cents is a substantial compliance with the statute, what will we say of an excessive demand for $1.89, or even $2.89, and how large an excessive amount may be demanded before it becomes a failure to comply with the statute? These questions suggest some of the difficulties in the way of permitting any notice, which does not state the true amount, to be a compliance with the statute. The proceeding is a statutory one, and this requirement is one step in the proceeding to divest the delinquent taxpayer of his property rights, and we think the interests of all concerned will be better conserved by holding that this requirement of the statute is mandatory, and must be strictly observed. The following authorities are of interest on this question: *Reed* v. *Lyon*, 96 Cal. 501 (31 Pac. 619) ; *Casner* v. *Gahlman*, 6 Kan. App. 295 (51 Pac. 56) ; *Shinkle* v. *Meek*, 69 Kan. 368 (76 Pac. 837) ; *Salter* v. *Corbett*, 80 Kan. 327 (102 Pac. 452) ; *State* v. *Scott*, 92 Minn. 210 (99 N. W. 799).

On the argument in this case, a new question was argued which was not raised in the trial court. It is that no notice was necessary to be served on the holders of recorded tax deeds under the law of 1897, and that as there was no last recorded deed in the regular chain of title, disclosed by the records of Baraga county, no notice was required to be given to any one. It appears that William J. Gordon purchased the land from the United States government in 1862, and received a patent therefor. A memorandum of this fact appears in the records of Marquette county, and also in Baraga county, which county was subsequently organized out of a portion of the territory of Mar-

quette county, but the patent was recorded in neither county, and the deed from Gordon to complainant was never recorded.  From this information Louks, the defendant's grantor, assumed that Gordon was the holder of the last recorded deed in the regular chain of title, and proceeded to make service upon him by publication.  In the trial court, Gordon was treated by both complainant and defendant as the holder of the last recorded deed.  The contention of defendant that no notice was required to be served on the holders of recorded tax deeds under Act No. 229 of the Public Acts of 1897, as amended by the Public Acts of 1899, is probably correct, because the law at that time did not require it.  The statute would not seem to make it necessary for the purchaser of a tax deed to look beyond the records of the county wherein the lands are situate to discover title holders; but when, as in this case, he does look beyond the records of the county, and obtains information with reference to the ownership of the title, and acts upon that information in serving the notice, and the fact of such prior ownership is not denied, but admitted, we think he is in no position to insist in the appellate court that no service upon him was necessary.

The conclusion reached by the trial court as to the validity of the notice was the proper one, and the decree will be affirmed, with costs to complainant.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.