WILSON *v.* SAUBLE.

1. TAXATION—REDEMPTION—INVALID NOTICE.
    The notice required by section 140 of the general tax law is intended by the statute to be given and signed by the owner of the tax title, who should state his post office address, so that the owner may be informed to whom he should pay the amount required for redemption, and where he can be reached by mail: signing by any one else than the owner is invalid. 3 Comp. Laws 1915, § 4138.

2. SAME—AMOUNT OF TAX—EXCESSIVE DEMAND—NOTICE.
    Where defendant purchased a tax title of the county treasurer for 1905, of which the redemption period had not

expired, so that the demand to redeem from the tax was premature, nothing appearing on the notice, which required the owner to pay the tax of 1905, as well as other years named, to show whether the tax had been paid as a condition of purchase (in which case it would be rightly included), the notice was void because it named an excessive amount as a condition of redemption.

3. SAME—REDEEMABLE INTEREST.
Complainant, who bought the property of V., who had originally had a warranty deed made in 1904, and obtained a quitclaim to replace it five years later, after losing the original conveyance, had a redeemable interest.

Appeal from Genesee; Withey, J., presiding. Submitted January 12, 1916. (Docket No. 124.) Decided December 21, 1916.

Bill by Samuel J. Wilson against Charles Sauble to redeem from the sale of land delinquent for taxes. From a decree for complainant, defendant appeals. Affirmed.

*McFarlan & Wilson,* for complainant.
*Daniel Heims* and *John H. Tyler,* for defendant.

BIRD, J. Complainant claims to own in fee simple lot 19, block 20, of Oak Park subdivision of the city of Flint, and he seeks by this proceeding to redeem from certain tax sales for the years 1902, 1904, and 1905. The lot was conveyed to William C. Durant and J. Dallas Dort on August 7, 1901. From that date they appear to have been the grantees in the last recorded deed in the regular chain of title until May 21, 1909, when a deed was placed of record conveying the premises to Edwin Van Valkenburg, which deed purported to take the place of a lost deed made in December, 1904, but which was never recorded. The tax title for the year 1902 was purchased by Robert C. McKay, and he subsequently conveyed his interest to

William D. Bailey, who purchased the tax titles for the years 1904 and 1905. McKay, learning that Van Valkenburg owned the title, on the 28th day of August, 1907, served upon him the six months' notice to redeem for the taxes of 1902. Bailey afterwards on August 21, 1908, gave a like notice to Durant and Dort for the years 1902, 1904, and 1905. Defendant claims title through these tax sales, and he resists these proceedings upon the theory that the notices were valid, and that the owners failed to redeem within the statutory period, and that complainant has not sufficient interest in the premises to entitle him to redeem.

1. The point made against the notice served upon Van Valkenburg is that it was signed by Robert C. McKay, who had conveyed the premises to one William D. Bailey at the time the notice was served, and consequently was not then the owner of them. The chancellor was of the opinion that this fact invalidated the notice. Section 140 of the tax law (1 Comp. Laws 1915, § 4138) provides for the giving of the notice, and includes a form to be followed in the preparation of it. The provisions of that section contemplate that the notice shall be given and signed by the owner of the tax title, together with his post office address. The obvious purpose of this is that the owner of the premises may be advised to whom to pay the amount due thereon, and further, that he may be advised where he can reach him personally or by mail. It is true that payment may be made either to the owner of the tax title or to the register in chancery; but the owner has a right to elect to pay the owner of the tax title, and, if he does so elect, it is important that he should be in a position to receive payment and reconvey the premises. We agree with the chancellor that a notice signed by one other than the owner of the tax title falls short of complying with the statute.

2. Exception is taken to the notice which was served upon Durant and Dort, because it demanded the taxes for 1905 as well as those for 1902 and 1904. The premises had been sold for the taxes of 1905, but the equity of redemption had not yet expired; therefore the demand as to the 1905 tax was premature, and on this account it is claimed that the total amount claimed was excessive. The amount paid for each year's tax was carried out and placed in a column by itself, so that it could be determined from the face of the notice what amount was paid for each particular year.

It is argued in substance that, inasmuch as the amount paid for the taxes of 1905 was severable from the amounts paid for the other years, Durant and Dort might have paid or tendered the amount demanded less the taxes of 1905. This is perhaps so, but the difficulty is there was nothing upon the face of the notice to disclose whether the tax was paid as a condition of purchase. If it were so paid, it was properly included in the amount demanded. If it were not so purchased, the 1905 tax was improperly included in the notice. As a matter of fact, the record shows the title was purchased at the county treasurer's sale and was a voluntary one. We think the amount demanded under this notice was excessive, and therefore invalid under the authority of *Teal Lake Iron Mining Co.* v. *Olds,* 178 Mich. 335 (144 N. W. 845) ; *Closser* v. *McBride,* 182 Mich. 594 (148 N. W. 756).

3. Complainant's right to redeem is questioned because of a lack of interest in the premises. It appears to be conceded by complainant that Durant and Dort had title to the premises. It is shown by defendant that the premises were conveyed to Van Valkenburg in 1904 by warranty deed. Subsequently, and in 1909, a quitclaim deed was given by Durant and Dort to take the place of the warranty deed which was claimed

to be lost. It is further unquestioned that Van Valkenburg conveyed to Wilson, the complainant. These latter deeds were of record when these proceedings were begun. This would appear to give complainant the privilege of raising the questions involved here. *Mercer* v. *Stephens,* 185 Mich. 290 (151 N. W. 1032).

The decree of the lower court will be affirmed, with costs to complainant.

STONE, C. J., and KUHN, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred. OSTRANDER, J., did not sit.