LITTLEFIELD *v.* PETRICK.

1. TAXATION—TAX SALES—NOTICE TO REDEEM—STATUTES STRICTLY
CONSTRUED.
   Provisions of statute (Act No. 229, Pub. Acts 1897, and amend-
   ments [1 Comp. Laws 1915, § 413]), relating to tax sales and
   notice to redeem therefrom must be strictly construed; more
   than substantial compliance being necessary.

2. SAME—AMOUNT MUST BE CORRECTLY STATED.
   The amount which must be paid to redeem from tax sale must
   be correctly stated in the statutory notice.

3. SAME—NOTICE BY OWNER NECESSARY.
   Notice to redeem, given by purchasers at tax sale after they hau
   sold their interest, is insufficient compliance with the statute,
   although sale by them was conditional on perfecting title by
   giving said notice; notice by owner of tax title being necessary.
   McDONALD and SHARPE, JJ., dissenting.

4. ADVERSE POSSESSION—STATUTORY PERIOD—TAXATION.
   Proceedings based upon tax sales taken after September 10, 1913,
   could not be made basis of claim of title by adverse possession
   on September 10, 1928.

Appeal from Oakland; Gillespie (Glenn C.), J.
Submitted October 8, 1929. (Docket No. 18, Cal-
endar No. 34,497.) Decided April 24, 1930.

Bill by Henry Littlefield against Jacob Petrick
and others to redeem from certain tax titles. From
a decree dismissing the bill, plaintiff appeals. Re-
versed and remanded.

*Dayton W. Closser* and *George B. Hartrick,* for
appellant.

*John J. Petrik* (*Lewis Daniels,* of counsel), for ap-
pellees.

Potter, J. Plaintiff, claiming to be the owner of the original title of real estate in Urbanrest addition to the city of Ferndale, filed this bill of complaint against defendants, who claimed to hold the lands under tax titles and by adverse possession, for a decree determining the amount due defendants to be paid by plaintiff as a condition for receiving a reconveyance of the land under the provisions of Act No. 229, Pub. Acts 1897 (1 Comp. Laws 1915, § 4138), and amendments thereto; to determine to whom such amount should be paid, and providing that upon the payment thereof defendants be required to reconvey the premises to plaintiff or he be permitted to record the court's decree to stand as a reconveyance thereof, and for other relief. From a decree dismissing the bill of complaint, plaintiff appeals. The effect of a sale of land for taxes is to divest the owner of the property of the title to it. Legal proceedings therefor must be strictly construed and closely followed, and must comply with the constitutional mandate of due process. Plaintiff's land was sold for taxes. The bill of complaint alleges it was sold for the taxes of 1896, 1897, 1900, and 1901. All of the tax sales were therefore subject to the provisions of Act No. 229, Pub. Acts 1897, and amendments thereto, which provide that purchasers may not legally take possession under tax deeds until six months after service of notice of sale and the amount necessary to redeem. 1 Comp. Laws 1915, § 4138.

Proceedings of this kind are statutory, and the requirement of notice is one step in the proceeding to divest the delinquent taxpayer of his property rights. Something more than a substantial compliance with the statute is necessary. The provisions of the statute must be strictly construed. The amount which must be paid to redeem must be cor-

rectly stated in the statutory notice. *Teal Lake Iron Mining Co.* v. *Olds,* 178 Mich. 335; *Closser* v. *McBride,* 182 Mich. 594.

Two notices of sale and of the right to redeem were given; one signed by Christ Kiel alone and published in August and September, 1916, and one signed by Christian Kiel and Louisa Kiel published in August and September, 1917. Plaintiff claims the amount named in the first notice was incorrect. It shows the amount paid at the tax sale was $41.04. Adding thereto the 100% plus $5 provided by statute, makes the amount necessary to redeem $87.08 plus costs. According to the bill of complaint this amount was grossly excessive. The bill of complaint was not sworn to. No one testified that the amount was not correct.

It is conceded this notice was void, it being claimed by defendants "there is another tax deed which is on its way up which is the correct one." The second notice related to the taxes of 1896, 1897, 1898, 1900, and 1901. The amount necessary to redeem was stated to be $17.78. Christian Kiel and Tesia Kiel, his wife, conveyed the property in question to Jacob Petrick and Anna Petrick, his wife, May 9, 1917, which conveyance was recorded on May 12, 1917. The second notice was signed by Christian Kiel and Louisa Kiel. The sheriff returns it was delivered to him on June 22, 1917, and the affidavit of publication shows it was published weekly from August 10, 1917, to September 14, 1917, inclusive. Christian Kiel and Tesia Kiel, his wife, had conveyed title prior to giving this notice, and were not owners of the lands in question at the time the notice was given.

In *Wilson* v. *Sauble,* 193 Mich. 443, it is said:

"We agree with the chancellor that a notice signed by one other than the owner of the tax title falls short of complying with the statute."

Treating the second notice as void because not signed by the owner of the title of the property covered by the tax deeds, we still have to dispose of the question of adverse possession.

The bill of complaint was filed September 10, 1928. Defendants must have begun to claim adversely as early as September 10, 1913. All of the proceedings based upon the tax sales involved herein taken by defendants or their grantors were begun after September 10, 1913. Defendants have not therefore acquired title by adverse possession. The decree of the trial court will be reversed, and a decree entered remanding the cause for further proceedings not inconsistent herewith.

Wiest, C. J., and Butzel, Clark, North, and Fead, JJ., concurred with Potter, J.

Sharpe, J. (*dissenting*). Plaintiff, claiming to be the owner of a lot in the township of Royal Oak, brought this suit to redeem from certain tax titles held thereon by the defendants. Plaintiff's deed to this property was executed on May 11, 1898, but was not recorded until September 10, 1928, more than 30 years thereafter. The bill of complaint herein was filed the same day. Plaintiff's grantor permitted the taxes levied against said land to become delinquent for the year 1896 and several subsequent years, and on the sale thereof one Elmer R. Webster became the purchaser and received and recorded his deeds therefor. Webster conveyed the land by deed to Christian Kiel and his wife on September 3, 1904, recorded October 22d of the same year. Kiel and his wife entered into a land contract on July 27, 1916, to sell the land to the defendant Petrick, and conveyed the same to him on May 9, 1917.

Kiel had theretofore sought to perfect his title by giving the notice to redeem required by the statute, but it was later determined that said notice was invalid, and it need not be further considered. This was discovered after the land contract was executed, and an agreement was entered into between Kiel and Petrick wherein it was recited that the notice above referred to was irregular, and wherein Kiel undertook to perfect the title acquired by the tax deeds by further notice in compliance with the statute. Another notice to redeem was signed by Kiel and his wife and delivered to the sheriff on June 22, 1917.

The object of the statute providing for the collection of taxes on real estate is not only to enforce the lien of the State therefor, but to protect the landowner who has, presumptively, inadvertently neglected to pay the tax upon property owned by him. The statute requires a notice to be given by the person holding title under a tax deed or deeds issued upon a sale of the land for such delinquent taxes to the owner or owners of any interest in the land, and provides for publication in case personal service thereof may not be had (1 Comp. Laws 1915, § 4138). This requirement "is mandatory, and must be strictly observed." *Teal Lake Iron Mining Co.* v. *Olds,* 178 Mich. 335, 338.

The notice here given and the proceedings thereunder fully complied with the statutory requirement as to its contents and the service thereof. It was properly addressed to plaintiff's grantor, the last grantee in the regular chain of title, and signed by Kiel and his wife. Plaintiff's deed had not then been recorded. It is the claim of the plaintiff that the Kiels had at that time parted with their title and the omission of the name of their grantee, the defendant Petrick, therefrom rendered it invalid. In *Wilson* v. *Sauble,* 193 Mich. 443, it was held "that

a notice signed by one other than the owner of the tax title falls short of complying with the statute."

Under the terms of the agreement above referred to between Kiel and Petrick, the conveyance by the former to the latter was conditional on Kiel's perfecting the title in him and his wife by giving the notice required by the statute. Had a legal tender been made to them, or deposit made with the register in chancery, by the plaintiff, as provided for in the statute, it would have been their legal duty to have secured a cancellation of their deed to Petrick, or a quitclaim of his interest thereunder, and then to deliver to the plaintiff or to the register a release and quitclaim of all rights acquired by them under said tax purchases. A tender or deposit so made would, under the terms of the agreement, have terminated Petrick's rights under his deed from the Kiels just as effectively as if the notice had been given by Petrick himself, and the rights of the plaintiff would have been fully protected thereby.

Plaintiff became the owner of this property in 1898. It appears that there was then a dwelling house thereon. While the proof of adverse possession is insufficient, doubtless owing to the death of both Mr. and Mrs. Kiel, we feel constrained to hold that, in view of the provisions in said contract and the legal duty imposed on Mr. and Mrs. Kiel therein to perfect the title, and the fact that no attempt was made by plaintiff to redeem thereunder, the notice given was a sufficient compliance with the statutory provision therefor (1 Comp. Laws 1915, § 4138), and that plaintiff's bill of complaint was properly dismissed.

The decree should be affirmed, with costs to appellees.

McDonald, J., concurred with Sharpe, J.