AYLING *v.* CITY OF DETROIT.

1. Workmen's Compensation—Prima Facie Case—Filing of Report of Accident—Appeal and Error.

   In proceeding by dependents under workmen's compensation act to recover compensation for death of husband and father who was fatally injured by falling into pit on employer's premises four minutes before he was required to report for duty, on appeal from denial of award for failure to sustain burden of proof, question before Supreme Court is whether or not the filing of a report by defendant made a *prima facie* case.

2. Same—Report as Prima Facie Evidence of Accident and Injury.

   Rule that where all sources of information are at the command of the employer when the report of an accident is made and where he has ample opportunity to satisfy himself of the facts the report filed by such employer is an admission and *prima facie* evidence that such an accident and injury occurred as reported *held*, inapplicable to case where report was filed over eight years after alleged accident occurred and contained no statement that accident happened in the course of decedent's employment.

3. Evidence—Res Gestæ.

   The only conditions upon which statements made after the occurrence of an event by participants may be received as *res gestæ* statements are (1) that there be a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it.

4. Workmen's Compensation—Evidence—Res Gestæ.

   In dependents' proceeding to recover workmen's compensation, answers of employee to questions asked by wife after he had walked two miles to his home and which were made 30 or 40 minutes after injury *held*, not spontaneous, hence inadmissible in evidence as *res gestæ*.

Appeal from Department of Labor and Industry. Submitted January 9, 1936. (Docket No. 32, Calendar No. 38,713.) Decided April 6, 1936. Rehearing denied June 16, 1936.

Nettie Ayling (Wysner), Mrs. Ella Wampler (Wysner) and Raymond Wysner presented their claim for compensation against City of Detroit, a municipal corporation, for the death of their husband and father. From award for defendant, plaintiffs appeal. Affirmed.

*Colin J. McRae (Walter W. Meinberg,* of counsel), for plaintiffs.

*Harry F. Pisula (Rodney Baxter,* of counsel), for defendant.

EDWARD M. SHARPE, J. The plaintiff Mrs. Nettie Wysner Ayling is the widow of John Wysner, deceased. She was married to him in 1908 and as a result of this marriage two children were born, namely, Ella Wysner in 1909 and Raymond in 1911. Both children were dependent at the time of the accident under the provision of section 6, part 2, of the compensation act (2 Comp. Laws 1929, § 8422). For a number of years the deceased had been employed as a motorman for the defendant and at the time of the accident he was employed on the Kercheval car line. Deceased lived about two miles from his work and it was his custom to leave for work about 20 minutes to 6 as it was his duty to report for work at 10 minutes to 6 in the morning for the purpose of preparing his car for the day's run which started at 6 a. m.

On the morning of October 11, 1925, deceased left his home for work at his usual time. About 40 or 50 minutes later he was seen by his son, Raymond,

walking towards his home, his clothes covered with dirt, limping as he walked, holding his left side with his hand, gritting his teeth as if in pain, and upon being asked by his son what had happened, stated that he had been hurt in the car barns. As he entered his home he let out a groan as he sat down in the morris chair and told his wife that when he went through the car barns he fell into a pit, and in addition stated that the accident happened at 14 minutes to 6. Deceased never got out of the morris chair until about 6 p. m. the same evening when he was taken to the hospital where he was confined until his death, October 31, 1925.

On November 7, 1925, a "notice to employer of claim for injury" was filed with the department and a copy of this notice served upon the defendant on November 10, 1925. The defendant failed to file the report of the accident until May 3, 1934, when a report of "compensable accident" was filed with the word "compensable" stricken out. The cause came on for hearing June 26, 1934, before a deputy commissioner of the department and an award was entered in favor of plaintiffs October 4, 1934, for compensation for 300 weeks at the rate of $14 per week.

On October 22, 1934, defendant filed an application for review of claim and upon refusal to grant the same by the department for having failed to file said claim within the prescribed 10 days, defendant filed an application for an extension of time which was granted.

The cause lay dormant in the files of the department for a brief time owing to the fact that the defendant failed to file a brief as required by rule 18 of the department rules and upon such failure, plaintiffs filed a petition asking for the dismissal of defendant's appeal. This was denied and on September 10, 1935, an opinion was filed by the depart-

ment and an order entered denying an award to plaintiffs.

From this denial plaintiffs appeal and contend that the department was in error in reversing the award of the deputy commissioner without giving plaintiffs an opportunity to file a brief; that the failure of the defendant to file a brief as required by rule 18 of the department's rules raised no question for decision on appeal to the commission; that the report of the accident filed by the defendant was *prima facie* evidence of the facts stated therein; and that the department was in error in rejecting the statements made by deceased to his wife as to how the accident happened. Plaintiffs contend that said statements were part of the *res gestæ*.

The department having denied an award upon the theory that plaintiffs had not sustained the burden of proof, we are confronted with the proposition of analyzing the contention of plaintiffs that the filing of the report of the accident by the defendant made a *prima facie* case.

Plaintiffs rely on *Reck v. Whittlesberger,* 181 Mich. 463, 471 (Ann. Cas. 1916 C, 771, 5 N. C. C. A. 917), where we said:

"We think that such reports from the employer, where all sources of information are at his command when the reports are made, and he has had ample opportunity to satisfy himself of the facts, can properly be taken as an admission, and, at least, as *prima facie* evidence that such accident and injury occurred as reported."

But that case holds that the report of the employer is evidence only when all sources of information are at the command of the employer when the report is made and where the employer has had ample opportunity to satisfy himself of the facts. In the case at bar the report by the employer was

made May 2, 1934, more than eight years after the alleged accident occurred. The report of the accident shows,

"Cause and manner of accident: According to information supplied to employer, Mr. Wysner was on his way to work, passed near a pit, and stepped on a plank, which turned so that employee fell in pit."

Such a report made more than eight years after the occurrence of the claimed accident and containing no statements that the accident happened in the course of decedent's employment is not such an admission as to make it *prima facie* evidence within the rule laid down in *Reck* v. *Whittlesberger, supra.*

We have examined other cases cited in plaintiffs' brief, but all such cases are in harmony with the *Reck Case* and are not similar to the facts stated in the case at bar.

It is next contended on the part of the plaintiffs that the statements of deceased made to his wife and son within 40 or 50 minutes after the accident were admissible as evidence on the theory that they were part of the *res gestæ*. The general rule in determining what evidence is admissible as *res gestæ* may be found in *Rogers* v. *Railway Co.,* 187 Mich. 490, cited with approval in *Stone* v. *Sinclair Refining Co.,* 225 Mich. 344, 350:

"It is well established by the authorities that the only conditions upon which such statements will be allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it. 3 Wigmore on Evidence (1st Ed.), § 1750 *et seq.*"

In *Dompier* v. *Lewis,* 131 Mich. 144, we held that where plaintiff was injured by a hammer he was using, what was said immediately after the injury about the hammer or about the work, by a fellow workman to whom the hammer belonged, was not part of the *res gestæ.* The court said:

"We think there was no error in excluding this testimony. The injury had already occurred. It became a matter of narration, and was not even narration of the incident, but of the cause which led to the incident."

In *Bernard* v. *Grand Rapids Paper Box Co.,* 170 Mich. 238 (42 L. R. A. [N. S.] 930), we said:

"It has been settled, upon the great weight of the authorities, that, to make such statements admissible as *res gestæ,* they must be spontaneous, made at or near the time and place of the accident, and so closely connected with the occurrence as to be evoked and prompted by it."

In the instant case, the statements sought to be admitted as part of the *res gestæ* were statements of a person who within a period of 30 or 40 minutes previously had suffered serious injuries. In some manner he was able to leave the point where the accident occurred and return home, a distance of practically two miles. He lived about three weeks thereafter. In our opinion the facts in this case do not come within the rule laid down in *Rogers* v. *Railway Co., supra.* The statements made by deceased were in response to questions asked him by his wife. They were not spontaneous and therefore were not admissible in evidence as *res gestæ.*

The award of the department of labor and industry is affirmed, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, POTTER, and TOY, JJ., concurred.