STOCKWELL v. CURTIS.

1. TAXATION—SERVICE OF NOTICE OF RECONVEYANCE ·BY PURCHASER
 , AT TAX SALE—SHERIFFS AND DEPUTIES.
    Service of notice of reconveyance by purchaser ·at tax sale upon
    nonresident mortgagee sent by registered mail with return
    receipt requested by some one other than a sheriff or his deputy
    *held*, insufficient compliance with mandatory provision of stat-
    ute for service in such case by sheriff or his deputy, something
    more than substantial compliance with such provision being
    necessary (1 Comp. Laws 1929, § 3535).

2. SAME—STATUTES STRICTLY CONSTRUED.
    Statutes relative to proceedings to divest a delinquent taxpayer
    of his property rights are mandatory and are to be strictly
    construed.

3. SAME—EJECTMENT—NOTICE OF RECONVEYANCE—LACHES.
    Plaintiffs in ejectment proceedings, who claimed ownership of
    lands sold for taxes, who brought proceedings about 10 years
    after sale *held*, not guilty of laches, where notice of reconvey-
    ance was not served by purchaser at tax sale in strict compli-
    ance with mandatory provisions of statute (1 Comp. Laws
    1929, § 3535).

Appeal from Montcalm; Hawley (Royal A.), J.
Submitted January 6, 1937. (Docket No. 22, Cal-
endar No. 39,139.) Decided April 21, 1937.

Ejectment by Lillian M. Stockwell and Richard I.
Bonninghausen against Edna L. Curtis and Daily
Crude Oil Company, an Ohio corporation. Defend-
ant Daily Crude Oil Company defaulted. Judgment
for defendant Curtis. Plaintiffs appeal. Reversed.

*Dayton W. Closser*, for plaintiffs.

*Brake, Davis & Miel* and *Glenn D. Curtis,* for defendant Curtis.

Bushnell, J.   The principal question involved in this action of ejectment pertains to the manner in which a notice of reconveyance was served upon the mortgagee.

Section 3535, 1 Comp. Laws, 1929, which provided the manner of serving such notice, read, in part:

"No writ of assistance or other process for the possession of any land the title to which has been obtained under and in pursuance of any tax sale made after the twenty-ninth day of August, in the year of our Lord eighteen hundred ninety-seven; or of any sale of State tax lands or State bids made after the said twenty-ninth day of August, eighteen hundred ninety-seven, except where such title shall be obtained under the provisions of section one hundred thirty-one of this act, shall be issued until six months after there shall have been filed with the county clerk of the county where the land is situated, a return by the sheriff of said county showing that he had made personal service of a notice or proof of substituted service thereof, as hereinafter provided, upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, or of any interest therein, at the date of the delivery of such notice to the sheriff for service, and upon the person or persons, if any there be, in the actual open possession of such lands at the date aforesaid, and upon the grantee or grantees under the tax deed issued by the auditor general for the latest year's taxes then appearing of record in said registry of deeds, and upon the mortgagee or mortgagees named in all undischarged recorded mortgages or any assignee or assignees thereof of record at the date aforesaid, and upon the

holder of record of all undischarged recorded liens, which shall be substantially in the following form;'' etc.

Plaintiffs claim to own the lands in question, located in Montcalm county, subject to a mortgage. Fred E. Curtis purchased these lands at a regular tax sale, recorded the deeds of the auditor general and later conveyed the property to defendant Edna L. Curtis.

Fred E. Curtis executed and signed, in proper form, the notices to redeem the lands as required by statute. Copies were served upon plaintiff Stockwell on September 3, 1925, by a deputy sheriff of Wayne county. We quote from the findings of the circuit judge:

''On November 9, 1925, D. Hale Brake, the attorney for said Fred E. Curtis, served upon Earl F. Phelps, the executor of the last will and testament of Joseph J. Phelps, the mortgagee hereinbefore referred to, then deceased, by duly transmitting to said Earl F. Phelps by registered mail two copies of said notices to redeem at his residence and postoffice address at Hollywood, Florida, and a registry receipt demanded, as will more fully appear by reference to the affidavit of said Brake as to such service recorded in the office of the register of deeds of the county of Montcalm on May 28, 1926, in liber 1, page 553, and also as placed on file in the office of the county clerk of said county of Montcalm on May 20, 1926.

''These notices having been mailed by registered mail and receipt therefor demanded to Earl F. Phelps, as such executor, as above set forth, such receipt was returned and is attached to said return thereof now on file in the office of the county clerk of Montcalm county, and such receipt was signed by Florence G. Powers as addressee's agent. A true copy of such returned receipt was recorded in the

office of the register of deeds of said county on May 20, 1926, in liber 1, page 552, as will more fully appear by a reference to such record.''

It is stipulated that the foregoing are the facts and

''That D. Hale Brake, who served the tax notice by registered mail on Earl Phelps as executor of the estate of Joseph Phelps, was neither sheriff nor a deputy sheriff of Montcalm county during the year 1925, but was a practising attorney.''

The statute (1 Comp. Laws 1929, § 3535) required that the notice shall be served by the sheriff, and it is

''Provided further, That if the person or persons entitled to such notice, or any of them, shall be non-residents of this State, if from the said record aforesaid or from inquiry, the sheriff can obtain the post-office address of such person or persons or if said addresses be known to him, he shall either send to such nonresident person or persons a copy of said notice by registered letter, and return the receipt or receipts of the postmaster received for said letter or letters with his return to the county clerk's office, or said sheriff shall cause to be served personally on such person or persons aforesaid a copy of said notice, and whenever such notice shall be personally served outside of this State, proof of such service shall be made by the affidavit of the person who shall serve the same, made before a justice of the peace or notary public and when such affidavit shall be made outside of this State, it shall have attached thereto the certificate of the clerk of the court of record, certifying to the official character of the justice or notary, and the genuineness of his signature to the jurat of the affidavit, and such sheriff shall return the said proof of personal service with his return to the county clerk's office;'' etc.

This section also states that:

"Service in all cases and return thereof may be made by the under sheriff or any deputy sheriff with like effect as if made by the sheriff."

The statute is silent as to service by any other parties.

The question is: Was substituted service by D. Hale Brake valid and binding as against the mortgagee's executor?

The trial judge found:

"In the service of the notices to redeem upon Mr. Phelps there was a substantial compliance with the statutory requirements in that respect. He had as full and sufficient notice of the time and manner of redemption as he would have had if the sheriff had mailed the notice. By the proof by affidavit of the service of such notice on Mr. Phelps, filed in the office of the county clerk and recorded in the office of the register of deeds, plaintiffs had as sufficient proof thereof as if the sheriff had filed the return. Such substantial compliance is valid and legally binding both on plaintiffs and Earl F. Phelps, as executor."

Plaintiffs appeal from a judgment of no cause of action.

We are forced to disagree with the learned trial judge. Substantial compliance with the statutory requirements in such matters is not sufficient.

"Proceedings of this kind are statutory, and the requirement of notice is one step in the proceeding to divest the delinquent taxpayer of his property rights. Something more than a substantial compliance with the statute is necessary. The provisions of the statute must be strictly construed." *Littlefield* v. *Petrick*, 250 Mich. 437.

We repeat the language of *Teal Lake Iron Mining Co.* v. *Olds,* 178 Mich. 335, 338:

"We think the interests of all concerned will be better conserved by holding that this requirement of the statute is mandatory, and must be strictly observed."

"The effect of proceedings under the tax law, if valid, is to divest the true owner of the title to his property, and to vest the same in the holder of the tax deed, and such proceedings must be closely scrutinized and strictly construed." *McVannel* v. *Pure Oil Co.,* 262 Mich. 518, 522.

Appellees argue that appellants are guilty of laches. Plaintiffs are not barred by laches because the notice of reconveyance was not properly served. *G. F. Sanborn Co.* v. *Alston,* 153 Mich. 456, and *Duck* v. *McQueen,* 263 Mich. 325.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith. Costs to appellants.

FEAD, C. J., and NORTH, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred with BUSHNELL, J.

WIEST, J. (*concurring*). I am constrained, by the letter and purpose of the statute, to join in the opinion.

The sheriff is a sworn officer of the law and as such his return of service made is accorded official verity. For a false return the sheriff and his official bond may be made to respond for consequent damage.

The proceeding by notice is special and, as it operates directly upon title to real property, the service must be made in the manner provided and by the statutory designated officer of the law.