SHEATHELM *v.* CONSUMERS POWER CO.

1. EVIDENCE—RES GESTÆ.

  The only conditions upon which statements made after the occurrence of an event by participants may be received as *res gestæ* statements are: (1) that there be a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it.

2. SAME—RES GESTÆ—QUESTIONS AND ANSWERS.

  Statement, made immediately after accident by power company's employee, that he was "shooting trouble" for employer made in answer to direct question put to him by plaintiff *held,* to lack essential element of spontaneity to permit admission as *res gestæ,* since the apprehension of a query concerning a happening and the formation of a reply to the query is a mental process and the resulting answer or statement emanates from the mental process.

3. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

  On appeal from directed verdict and judgment for defendant, evidence offered by plaintiff must be considered in light most favorable to him, and if, from a consideration of that evidence and the reasonable inferences and deductions therefrom, a question of fact is presented, the cause must be remanded for determination by the jury, if not, judgment should be affirmed.

4. AUTOMOBILES—PRESUMPTIONS—AUTHORITY—EVIDENCE.

  Presumption that one driving an automobile incident to owner's business is duly authorized to do so prevails only so long as there is no testimony to the contrary and if the testimony opposed to the presumption is clear, positive and uncontradicted, it becomes the duty of trial judge to direct verdict if the issue is a controlling one (1 Comp. Laws 1929, § 4648).

5. SAME—EVIDENCE—RULE AS TO USE OF COMPANY CARS BY EMPLOYEES FOR PRIVATE PURPOSES.

  Unrebutted testimony tending to show the existence and enforcement of a company rule as to use of its cars by employees for private purposes cannot be used as a basis for inference that no rule existed or that it was not enforced (1 Comp. Laws 1929, § 4648).

6. EVIDENCE—INFERENCES—JURY.

    While jury may draw inferences of fact, such inferences must
    be drawn from, and be consistent with, facts admitted or
    proved at the trial.

7. AUTOMOBILES—AUTHORITY OF OWNER TO EMPLOYEE FOR PRIVATE
    USE—INFERENCE BASED ON INFERENCE.

    Inference that employee was using company car with knowledge
    or authority of employer *held*, not reasonable under evidence
    that employee stopped work at noon, obtained the car from
    the company garage at 4 o'clock, attended to personal errands,
    left town at 9:30 and accident happened at 11 p. m.; especially
    where it is also necessary to infer that the company had
    knowledge of, or consented to, garage employees permitting
    other company employees to use its cars for private purposes
    (1 Comp. Laws 1929, § 4648).

8. SAME—CONSENT TO USE BY EMPLOYER.

    In action arising out of collision between automobiles, that being
    driven by defendant employee for private purposes *held*, used
    by him without either the express or implied consent of his
    employer, hence latter was not liable (1 Comp. Laws 1929,
    § 4648).

.Appeal from Jackson; Williams (Benjamin), J.
Submitted April 8, 1937. (Docket No. 39, Calendar
No. 39,082.) Decided May 21, 1937.

Case by Allen Sheathelm, a minor, by Frank
Sheathelm, his next friend, against Consumers
Power Company, a corporation, and Russell O'Neil
for personal injuries sustained in an automobile
collision. Directed verdict and judgment for de-
fendant Consumers Power Company. Plaintiff ap-
peals. Affirmed.

*Walter M. Nelson,* for plaintiff.

*Bisbee, McKone, Wilson, King & Kendall,* for de-
fendant Consumers Power Co.

*Blackman & Blackman,* for defendant O'Neil.

Bushnell, J. This is an appeal from a directed verdict in favor of defendant, Consumers Power Company. Plaintiff, a minor, was injured in a highway collision between a car driven by his father in which he was riding and one owned by the defendant company, which was being driven by defendant Russell O'Neil, its employee. The action against Consumers Power Company is based upon 1 Comp. Laws 1929, § 4648. This section reads in part:

"The owner (of a motor vehicle) shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge."

Since none of the questions raised by this appeal involves the nature of the collision, a further recital of its details is unnecessary for decision.

After the impact, Mr. Sheathelm, who was unable to extricate his wife from his car, got out as quickly as he could and ran up to where the other car had stopped. O'Neil was sitting on the ground behind the other car. Sheathelm testified:

"I asked him whether he could help me. I said, how come you drove so fast? * * * He didn't say much. I asked him why he was over, and so much off, and come off the road; he said he was shooting trouble for the Consumers Power Company."

O'Neil had been employed by Consumers Power Company for about 11 years in its forestry department. Among his duties were supervising line clearance work, tree trimming, landscape designing and some reforestation. He was assistant to George Blair, forester for the power company.

It is the claim of plaintiff that O'Neil's responses to Sheathelm's questions are admissible under the

*res gestæ* rule.   The trial court excluded the statements.

In response to the court's observation that the declaration of an agent was not competent proof of the agency, plaintiff's counsel said:

"I was calling your honor's attention to the fact that we are not relying upon this declaration to prove the fact of the employment of this man by the Consumers Power Company.   That will be proven in due order by other testimony.   This declaration goes to what he was doing at the time and I think practically nothing more."

We find, however, in plaintiff's brief, the argument that:

"This was evidence of his employment by that company and of its consent to the use of the Buick in its interest and on its business.   The night was stormy.   Its lines were nearby.   It was clearly admissible as part of the *res gestæ.*"

We have recently repeated the general rule for determining what evidence is admissible as *res gestæ* testimony in *Ayling* v. *City of Detroit,* 275 Mich. 338.   At page 342 of that opinion, we quoted, from *Rogers* v. *Railway Co.,* 187 Mich. 490, the following which was cited with approval in *Stone* v. *Sinclair Refining Co.,* 225 Mich. 344, 350:

, " 'It is well established by the authorities that the only conditions upon which such statements will be allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence pre-

ceding it. 3 Wigmore on Evidence (1st Ed.), § 1750 *et seq.*' "

We also quoted *Bernard* v. *Grand Rapids Paper Box Co.,* 170 Mich. 238 (42 L. R. A. [N. S.] 930), where we said:

" 'It has been settled, upon the great weight of the authorities, that, to make such statements admissible as *res gestæ,* they must be spontaneous, made at or near the time and place of the accident, and so closely connected with the occurrence as to be evoked and prompted by it.' "

O'Neil's statement that he was "shooting trouble for the Consumers Power Company," was made in answer to a direct question put to him by Sheathelm. The reply lacked the essential element of spontaneity, and it cannot be said that the statement was made without opportunity for reflection. Several other questions had been asked of O'Neil before he answered why he was "over and off the road." The apprehension of a query concerning a happening and the formation of a reply to the query is a mental process and the resulting answer or statement emanates from the mental process and is not the spontaneous outcome of the happening itself. According to plaintiff's own testimony, O'Neil's statement resulted only from and was in answer to a direct question put to him. *Bernard* v. *Grand Rapids Paper Box Co., supra.*

As was said in the *Ayling Case, supra,* the statements were not spontaneous and therefore were not admissible in evidence as *res gestæ* testimony.

At the close of the proofs, the trial court granted a motion for a directed verdict as to defendant power company on the ground that there was no evidence that the car driven by O'Neil was used with

the company's knowledge or consent. The jury returned a verdict for $3,500 against O'Neil upon which judgment was entered. Subsequently a new trial was granted as to defendant O'Neil from which order no appeal has been taken.

In the appeal from the directed verdict in favor of the power company, the evidence offered by plaintiff must be considered in the light most favorable to him and if, from a consideration of that evidence and the reasonable inferences and deductions that may be drawn therefrom, a question of fact is presented, the cause must be remanded for determination by the jury, if not, the judgment should be affirmed. *Holgate* v. *Chrysler Corp.*, 279 Mich. 24, 27.

In addition to the testimony of O'Neil, defendant power company called O'Neil's immediate superior, Blair, and A. E. Kriegsman, who, as assistant to the vice-president of defendant company, had general supervision of all of its automobile equipment. O'Neil testified that his authority to use the car was confined to company business, and that he was violating the company's regulations by using its car for his personal affairs. Blair and Kriegsman testified to the existence of a rule of the company and the practice of the company prohibiting the use of its cars for anything but its business.

Defendants argue that, upon the authority of *Wehling* v. *Linder*, 248 Mich. 241, and *Anderson* v. *Schust Co.*, 262 Mich. 236, the directed verdict should be affirmed. We said in the *Wehling Case, supra:*

"One who is driving a motor vehicle incident to the owner's business is presumed to be duly authorized to so drive the vehicle; but it is the established law in this State that such a presumption prevails in favor of the litigant relying thereon only so long as that phase of the case is not covered by testimony

to the contrary. *Gillett* v. *Michigan United Traction Co.*, 205 Mich. 410; *Union Trust Co.* v. *American Commercial Car Co.*, 219 Mich. 557; *Depue* v. *Schwarz*, 222 Mich. 308; and *Noonan* v. *Volek*, 246 Mich. 377. If the testimony opposed to the presumption is clear, positive and uncontradicted, it becomes the duty of the trial judge to direct a verdict if the issue is a controlling one in the case. *Union Trust Co.* v. *American Commercial Car Co., supra.*''

Plaintiff, however, contends that the testimony of defendant's garage superintendent shows that he did not have any knowledge of a company rule against the personal use of cars; therefore, if such rule had ever been made, published or enforced, the superintendent would have known about it and would have disclosed it in his lengthy cross-examination. This witness was not questioned about the existence of such a rule; nor does the record contain any testimony from which a reasonable inference may be drawn that the defendant company had any knowledge of or ever consented to the use of their cars for the private pleasure of their employees. Unrebutted testimony tending to show the existence and enforcement of a rule cannot be used as a basis for the inference that no rule existed or that it was not enforced.

''It is the peculiar province of juries to draw inferences of fact; but they must draw them from facts which are admitted or proven upon the trial, and they must be consistent with the admitted or proven facts from which they are drawn.'' *Bowsher* v. *Railway Co.*, 174 Mich. 339, 344.

In *Pennsylvania R. Co.* v. *Chamberlain*, 288 U. S. 333, 340 (53 Sup. Ct. 391), the court passed upon a

similar question in an action against the railroad company for the negligent death of a brakeman. In that case, it was said:

"And the desired inference is precluded for the further reason that respondent's right of recovery depends upon the existence of a particular fact which must be inferred from proven facts, and this is not permissible in the face of the positive and otherwise uncontradicted testimony of unimpeached witnesses consistent with the facts actually proved, from which testimony it affirmatively appears that the fact sought to be inferred did not exist."

That court in adopting the language from another case, said:

"In *George* v. *Railroad Co.*, 213 Mo. App. 668 (251 S. W. 729) 'It is well settled that where plaintiff's case is based upon an inference or inferences, that the case must fail upon proof of undisputed facts inconsistent with such inferences.' "

O'Neil stopped work at noon on the day of the accident and obtained the Buick car from the company's garage around 4 o'clock in the afternoon, attended to a few personal errands, and left his home about 9:30 p. m. to drive a friend to the nearby town of Leslie to call on some mutual friends. It was then raining and the accident happened between Jackson and Leslie after 11 p. m.

To infer that the power company, in its corporate capacity, had knowledge of or consented to the private use of its cars is not a reasonable inference from the proven facts in this record.

Further to infer that the company had knowledge of or consented to its garage employees permitting other employees to use cars for private purposes, it must first be inferred that the garage employees

actually did this. Thus the inference to be imputed to the company is based upon another inference; this is not permissible.

Plaintiff's questions regarding separate verdicts and judgments, which were thereafter corrected by the entry of a single judgment, are immaterial.

Defendant O'Neil was using the car without either the express or implied consent of his employer and the trial court was correct in holding that under the statute and authorities quoted and cited, liability cannot attach to the Consumers Power Company.

The judgment is affirmed, with costs to appellees.

FEAD, C. J., and NORTH, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred with BUSHNELL, J. WIEST, J. concurred in the result.