McCLURE *v.* KNIGHT.

1. TAXATION—STATUTES STRICTLY CONSTRUED—SUBSTANTIAL COMPLIANCE INSUFFICIENT.
    Statutes relative to proceedings to divest a delinquent taxpayer of his property rights must be strictly construed, something more than a substantial compliance with the statute being necessary (1 Comp. Laws 1929, §§ 3464, 3471-3474, 3535).

2. SAME—NOTICE OF SALE FOR UNPAID TAXES—CONTENTS.
    Notice, served upon record owner, of sale of his lands for unpaid taxes must show that the land is located in this State and that the owner may redeem at the office of the register in chancery and it must be signed by the tax purchaser (1 Comp. Laws 1929, § 3535).

3. SAME—VOID TAX DEEDS—EFFECT.
    A tax deed void on its face is a nullity; and a notice to redeem from sale, based thereon, also a nullity (1 Comp. Laws 1929, §§ 3464, 3471-3474, 3535).

4. Same—Purchaser at Tax Sale—Service of Notice to Redeem—
    Time.

> Purchaser at a tax sale or one claiming under him who fails to
> give required notice to redeem within five years after he is
> entitléd to a tax deed is barred from asserting title thereunder
> (1 Comp. Laws 1929, § 3466).

Appeal from Gladwin; Dehnke (Herman), J., presiding. Submitted April 8, 1938. (Docket No. 66, Calendar No. 39,655.) Decided June 6, 1938.

Ejectment by Clara B. McClure, trustee, against Harry Knight. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Dayton W. Closser,* for plaintiff.

*Raymond H. Shanaman,* for defendant.

Sharpe, J. This is an ejectment action. The facts are not in dispute. The plaintiff is the owner of the original or recorded claim or chain of title to certain land in Gladwin county, her title being by deed dated May 27, 1931. The defendant is in possession of the above mentioned land which was sold to the State of Michigan in the tax sale of May, 1925, for 1922 taxes; in May, 1926, for 1923 taxes; and in May, 1927, for 1924 taxes. The taxes were not redeemed and in May, 1928, the land was sold to defendant with the 1925 taxes. On October 4, 1928, the auditor general conveyed said land to the defendant.

On August 29, 1928, a notice in form required by Act No. 229, Pub. Acts 1897, as amended (1 Comp. Laws 1929, § 3535) was placed in the hands of the sheriff of Gladwin county for service and was served by said officer on the same day upon the proper officer of the McClure-Stevens Land Company, a corpo-

ration, which was the proper party entitled to notice of redemption. No redemption was made by said company. The required notice of redemption recites, "that the undersigned has title thereto under tax deed or deeds issued therefor." The record shows that the notice of redemption was served approximately five weeks before defendant secured his tax deed.

The trial court held that, "There is no specific requirement that the purchaser shall have his deed before he may give the notice;" and rendered judgment in favor of defendant. Plaintiff appeals and contends that a tax deed is the evidence of title and that until the tax purchaser has such evidence of title no possible right to serve notice exists.

The sale to appellee was made under the provisions of 1 Comp. Laws 1929, §§ 3471, 3472, 3473 and 3474 (Stat. Ann. § 7.132 *et seq.*). Section 3474 provides for issuance of certificate of sale by the county treasurer and section 3475 (Stat. Ann. § 7.136) provides that on presentation and surrender of such certificate the auditor general shall issue a deed of conveyance having the same force and effect as provided by section 72 of the act. Section 72 referred to is found in 1 Comp. Laws 1929, § 3464, and, after providing for issuance of a deed, provides:

"Such deeds shall convey an absolute title to the land sold, and be conclusive evidence of title, in fee, in the grantee, subject, however, to all taxes assessed and levied on such lands subsequent to the taxes for which the same was bid off. The courts may, on application, put the purchaser in the possession of the premises by writs of assistance."

Section 3535, 1 Comp. Laws 1929, provides that no writ of assistance or other process for possession of any land shall issue until the notice has been

served, return made and the six months' redemption period has expired. Construction of this section was before this court in *Stockwell* v. *Curtis,* 279 Mich. 388, where we said:

"Substantial compliance with the statutory requirements in such matters is not sufficient.

" 'Proceedings of this kind are statutory, and the requirement of notice is one step in the proceeding to divest the delinquent taxpayer of his property rights. Something more than a substantial compliance with the statute is necessary. The provisions of the statute must be strictly construed.' *Littlefield* v. *Petrick,* 250 Mich. 437.''

See, also, *Teal Lake Iron Mining Co.* v. *Olds,* 178 Mich. 335; *Watters* v. *Kieruj,* 242 Mich. 537.

Since the enactment of the above statute (1 Comp. Laws 1929, § 3535) we have had occasion to interpret the same. The notice must show that the land is located in Michigan, *Tucker* v. *Van Winkle,* 142 Mich. 210; it must show that the owner may redeem at the office of the register in chancery, *Weller* v. *Wheelock,* 155 Mich. 698; and the notice must be signed by the tax purchaser, *Burch* v. *Nippress,* 213 Mich. 185.

In *Fitschen* v. *Olson,* 155 Mich. 320, this court said:

" 'To hold that the six months' notice given under a tax deed void on its face is valid, would be to do away with all distinction between a deed void on its face, and one *prima facie* valid. A tax deed void on its face is as invalid as no deed, and we might as well hold that the service of the notice dispenses with the deed altogether. This court has already held that a tax notice served under a premature deed, like those involved in this case, was unavailing, and would not set the statute running, and we must adhere to that holding. There is nothing sacred in the service of a notice. To be of any avail, there must be back of it a deed fair upon its face.' ''

See, also, *Griffin* v. *Jackson,* 145 Mich. 23 (9 Ann. Cas. 74).

It is our opinion that a tax deed is the evidence of title and until the tax purchaser has such evidence of title, the service of notice to redeem is a nullity. The statutory requirement was not complied with. Substantial compliance with the statute is not sufficient.

Section 3466, 1 Comp. Laws 1929 (Stat. Ann. § 7.119), provides that in case of failure to give the required notice within five years after the purchaser is entitled to a tax deed, such person or persons claiming title under the tax deed or certificate of purchase shall be barred from asserting such title. In the case at bar defendant's right to possession of the premises depends upon his having served a proper notice to redeem and under section 3466 he is now barred from claiming or asserting any title in the premises by virtue of his tax deed.

The judgment of the trial court is reversed and the cause remanded for entry of judgment in favor of plaintiff. Plaintiff may recover costs.

Wiest, C. J., and Butzel, Bushnell, Potter, Chandler, North, and McAllister, JJ., concurred.