SHEATHELM *v.* CONSUMERS POWER CO.

AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—FAILURE TO STOP BEFORE MAKING LEFT TURN IN FRONT OF APPROACHING CAR.

  Plaintiff motorist driving at 11 p.m. on a rainy, misty night in November on 20-foot concrete road at speed of 10 or 12 miles per hour who claimed to have looked on. ahead before making left turn on gravel road and to have seen defendants' car upwards of a quarter of a mile away *held,* guilty of contributory negligence as a matter of law in turning in path of a rapidly approaching car without making a stop.

Appeal from Jackson; Simpson (John), J. Submitted April 4, 1940. (Docket No. 39, Calendar No. 40,371.) Decided June 3, 1940.

Case by Esther Sheathelm against Consumers Power Company, a Michigan corporation, and Russell O'Neil for damages for personal injuries sustained in an automobile collision. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Walter M. Nelson,* for plaintiff.

*Bisbee, McKone, Badgley & Kendall,* for defendant Consumers Power Company.

*Frank L. Blackman,* for defendant O'Neil.

BUSHNELL, C. J.  This action arose out of the same accident involved in the case of Allen Sheathelm, a minor, against the same defendants. See *Sheathelm* v. *Consumers Power Co.,* 280 Mich. 106. The issues in that case did not require a recital of the details of the collision.

At about 11 o'clock p.m., on a rainy, misty night in November of 1934, plaintiff was riding in a car driven by her husband south of Leslie, Michigan, on US-127. About a half mile north of the bridge over the Grand River the road is straight and level and approaching vehicles can be seen for at least this distance. The highway from the property line to property line is about 75 feet wide with a 20-foot concrete pavement. About a quarter-mile north of the river, Nichols road, which is gravel, runs to the east.

Plaintiff's husband testified that, as he approached Nichols road, he observed the traffic and saw there were no cars going in either direction; he slackened

down to 10 or 12 miles per hour, looked in his rear mirror, and then looked to the south and saw the lights of à car just the óther side of the Grand River bridge. As he started to turn to the left he could see lights flicker on the bridge. After he got on the gravel shoulder, the car coming from the south, driven by defendant O'Neil and belonging to defendant Consumers Power Company, struck him, forcing his car over a cement culvert, where it came to rest with its headlights facing the east. Both Mrs. Sheathelm and their son Allen were badly injured. The right front of each car was wrecked.

At the conclusion of plaintiff's case, both defendants made a motion for a directed verdict on the ground that the driver of the Sheathelm car was guilty of contributory negligence. Defendant Consumers Power Company also asked that a verdict be directed in its favor on the ground that its automobile was being driven by O'Neil without its consent. The trial court granted defendants' motions.

Plaintiff, her husband, and her son, all testified that, before the collision, they saw the O'Neil car at the Grand River bridge, which point is 1,652.85 feet south of the intersection of the highway and Nichols road. Subsequently the Sheathelm car traveled from the west side of the pavement to the concrete abutments of the culvert on Nichols road, a distance of 24.5 feet. It would have been a physical impossibility for O'Neil to travel from the Grand River bridge to Nichols road while Sheathelm was traveling from the west side of the highway to the culvert. If the O'Neil car was first observed nearer to the intersection and traveling at sufficient speed to cause the damage to the Sheathelm car, disclosed by the photographs submitted to the court, then Sheathelm was negligent in turning in the path of a rapidly approaching automobile. The situation presented is

controlled by *Brenner* v. *Dykstra,* 289 Mich. 301, and plaintiff must be held guilty of contributory negligence as a matter of law.

The trial court was not in error in directing a verdict for defendant O'Neil.

It is unnecessary to discuss the consent question since plaintiff's driver was guilty of contributory negligence.

The judgment for defendants is affirmed, with costs to appellees.

SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred. WIEST, J., concurred in the result.