## SCHRAM v. SAFETY INV. CO.

### Civil Action No. 1416.

District Court, E. D. Michigan, S. D.
June 11, 1941.

Robert S. Marx, Lawrence I. Levi, and Thomas L. Conlan, all of Detroit, Mich., for plaintiff.

David M. Miro, of Detroit, Mich., for defendant.

PICARD, District Judge.

The facts in this case are not disputed and involve perfection of a tax title through which defendant claims, and a sheriff's deed following a mortgage foreclosure upon which plaintiff relies.

The point at issue is whether a notice of reconveyance in perfecting said tax title, required by the statute, having been served upon plaintiff's predecessor—First National Bank-Detroit "by leaving a copy with J. Dawson, tax clerk" is valid service—Dawson at the time being one of many clerks employed by the bank.

Compiled Laws of Michigan 1929, Section 3535, as amended by Act 10 of Public Acts of Michigan 1932 (extra session), provides that such notice of reconveyance shall be served upon the owners of all recorded interests in the property by the holder of the tax title. Service upon corporations is covered in the following language: "Corporations formed under the laws of this state shall be regarded, for the purposes of this act, as residents of the county in this state where their office for the transaction of business therein is, by their articles, located, and service on such corporations may be made on the *president, secretary, treasurer or general agent of such corporation,* or by leaving such notice at the office of such corporation with some person *in charge of such office.*" (Italics ours)

The same section provides that there shall be no writ of assistance to the holder of the tax title unless such notice of reconveyance has been properly served, and Section 3537, C.L.Mich.1929, that no purchaser at a tax sale has any right of possession to such property until all requisites of the tax sale law have been complied with.

■ In the State of Michigan the courts have jealously guarded the rights of owners who were about to lose their property through tax sales and statutory provisions depriving them of such rights must be strictly construed. Littlefield v. Petrick, 250 Mich. 437, 230 N.W. 507; Teal Lake Iron Mining Co. v. Olds, 178 Mich. 335, 144 N.W. 845.

It has been frequently held that there must be "something more than a substantial compliance with the statute", Stockwell et al. v. Curtis et al., 279 Mich. 388, 272 N.W. 717, 719—and that "such proceedings must be closely scrutinized and strictly construed." McVannel v. Pure Oil Co., 262 Mich. 518, 247 N.W. 735, 736.

It is conceded that Dawson was a tax clerk and was not "the president, secretary, treasurer or general agent of such corporation" or "in charge of such (Bank's) office". (word in parentheses supplied)

■ In support of its contention, defendant quotes Section 14092 Compiled Laws of Michigan 1929, which provides for service on Michigan corporations and also Section 14094 thereof relating to service on foreign corporations. These statutes have been frequently interpreted and by their very wording, service on any agent of a foreign corporation is valid. But unfortunately for defendant this is not an action encompassed by those sections since the same interpretation cannot be placed upon a statute aimed at perfection of a tax sale title, always strictly construed, and one providing for service of process—where substantial compliance alone is necessary. See Le Boeuf v. Papp, 243 Mich. 318, 220 N.W. 792. Section 3535, Compiled Laws of Michigan 1929, does, as pointed out by defendant, only refer to "corporations formed under the laws of this state" and there seemingly is no other provision for foreign corporations such as plaintiff. But borrowing from defendant's own supplemental memorandum brief on page 3 in turn quoting from Moinet v. Burnham, Stoepel & Co., 143 Mich. 489, 106 N.W. 1126, 1127, "We think this distinction of no consequence".

■ We find no authority permitting a deviation from the strict wording of the statute and since "J. Dawson, tax clerk", is not identified as one upon whom service may be made, the reconveyance notice must be held void. In addition, there is no evidence that the notice ever ultimately reached the proper person, and this cannot be presumed. Sheathelm v. Consumers Power Company, 280 Mich. 106, 273 N.W. 410.

■ Our attention has also been called to a Circuit Court Decision on all fours with the case at bar In the Matter of the Petition of Oramel B. Fuller, Auditor General of the State of Michigan, Wayne County Chancery, 202,878, where service of notice of reconveyance on "W. C. Schmidt, mortgage clerk" was held insufficient. This court under West v. American Telephone & Telegraph Company, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956, must follow the law laid down in that case since admittedly our Michigan Supreme Court has not spoken directly on the question.

Nor do we believe that having waited ten years plaintiff is here estopped. Defendant had no right to this property until proper notice of reconveyance had been served. This has never been done. There is no estoppel where title to land is concerned. Bruun v. Hansen, 281 Mich. 362, 275 N.W. 173. Nor is plaintiff guilty of laches. Stockwell et al. v. Curtis et al., supra.

Plaintiff here seeks an adjudication not only on the reconveyance, but also asks that the tax title cloud on plaintiff's title be removed.

Ejectment, of course, is open to plaintiff, but that will not remedy the title and in Hawkins et al. v. Dillman et al., 268 Mich. 483, 256 N.W. 492, 494, it was held: "where a court of chancery has jurisdiction of the subject-matter on an independent ground, it may determine the question of title, although an action of ejectment would likewise be open."

This is true even though plaintiff is not in possession of the land. Methodist Episcopal Church of Newark v. Clark et al., 41 Mich. 730, 3 N.W. 207.

For the above reasons we hold that plaintiff is entitled to a decree, that defendant has no title or right of possession to the property herein involved, nor lien or any charge on said land other than an accounting heretofore agreed upon between the parties, and that the land is free and clear of the aforementioned cloud on its title.