This is a chancery action to set aside three quitclaim deeds. It appears that in November, 1920, Olive W. Wagar, widow (now Olive W. Armstrong), and Rolland D. Weinberg became the owners of 40 acres of land in Gladwin county, Michigan. The land was partially cleared and generally considered worthless. Mrs. Wagar paid the taxes on the land for the years of 1921, 1922, and 1923. No further taxes were paid by either Mrs. Wagar *Page 81 
or Mr. Weinberg and in 1927 the land was sold at the tax sale for the taxes of 1924. On the tax sale Wellington Wagar purchased the land and assigned the certificate to Wayne B. Wagar, his grandson and son of Olive W. Wagar. In the course of time, the auditor general executed a tax deed to Wayne Wagar. Wellington Wagar paid delinquent taxes assessed against this property as well as the current taxes until his death in 1933. While on his death bed, Wellington Wagar handed the papers pertaining to the tax purchase and tax receipts to Wayne Wagar saying, "this is my gift to you."
On November 1, 1928, a notice of redemption was served on R.D. Weinberg in Gladwin county by a deputy sheriff of Genesee county and on Olive Wagar Armstrong by registered letter on February 11, 1929, by the sheriff of Gladwin county. Rolland D. Weinberg died April 27, 1930, leaving as heirs the plaintiffs herein. Wayne Wagar first learned of oil prospects in the above mentioned land during the month of December, 1936, and being advised of possible defects in his title to the land was advised to procure a quitclaim deed from his mother and quitclaim deeds from Bertha Richeson, Donald W. Weinberg and Daniel Weinberg, adult heirs of Rolland D. Weinberg. He was also advised to procure from the above mentioned heirs certain affidavits showing that R.D. Weinberg and Rolland D. Weinberg were the same person.
In order to secure the above mentioned deeds and affidavits, the services of Gordon M. Smith were procured and he on or about the 28th day of January, 1937, procured a quitclaim deed from Bertha Richeson, formerly Bertha Weinberg, naming Wayne Wagar as grantee; and on the same date a similar deed from Donald W. Weinberg and Helen I. Weinberg, his wife, naming Wayne Wagar as grantee; *Page 82 
and on January 29, 1937, a similar deed was procured from Dan Weinberg and Ruth V. Weinberg, his wife, naming Wayne Wagar as grantee. Separate affidavits were secured from Donald W. Weinberg and Dan Weinberg to the effect that Rolland D. Weinberg and R.D. Weinberg were the same person. The above mentioned deeds and affidavits were recorded in the office of the register of deeds in Gladwin county.
In April, 1937, plaintiffs filed a bill of complaint in the circuit court of Gladwin county, the purpose of which was to set aside and cancel the quitclaim deeds, and alleged that the same were procured through fraud, deceit and misrepresentation upon the part of Gordon M. Smith.
When the cause came on for trial, testimony was taken from all known witnesses except Leonard L. Ealy who was a witness to the Donald W. Weinberg deed and Elsie Carlisle who was a witness to the Dan Weinberg deed. The trial court held that the statutory notices to redeem were not complied with as is required by I Comp. Laws 1929, § 3535, and that the quitclaim deeds were invalid because fraudulently procured. The decree entered provided that plaintiffs are the owners of a one-half undivided interest in the land, and the minor plaintiffs entitled to one-eighth of the proceeds from all oil removed from the land, and each of the adult plaintiffs entitled to one sixty-fourth of the money from oil produced from the land.
Defendants Wagar and Armstrong appeal. It is the claim of plaintiffs that the tax notices served upon Rolland D. Weinberg and Olive W. Armstrong were defective in the following respects:
(a) Because the signature of Wayne Wagar had been typed on the notice, instead of being written in longhand; *Page 83 
(b) Because the place of business of Wayne B. Wagar was given as Gladwin, Michigan, whereas he was in school at Boston, Massachusetts, at that time;
(c) Because Rolland D. Weinberg was designated in the tax notice as R.D. Weinberg;
(d) Because the return of service showed that the notice was served by a deputy sheriff of Genesee county in Gladwin county; and
(e) Because the notice gave the year for which the taxes were sold as 1927 instead of 1924.
In Stockwell v. Curtis, 279 Mich. 388, a notice to redeem was served upon the proper party by an attorney. We there said, "Substantial compliance with the statutory requirements in such matters is not sufficient."
See, also, McVannel v. Pure Oil Co., 262 Mich. 518; Teal LakeIron Mining Co. v. Olds, 178 Mich. 335; Littlefield v. Petrick,250 Mich. 437; Fitschen v. Olson, 155 Mich. 320.
In the case at bar the return of service shows service of notice on Ronald D. Weinberg by a deputy sheriff of Genesee county in the county of Gladwin. Such service being made by a deputy sheriff outside of the jurisdiction where he may lawfully serve such papers is a nullity and is not in compliance with the requirements of 1 Comp. Laws 1929, § 3535.
The next question presented relates to the finding of the trial judge that the quitclaim deeds are invalid. The facts in connection with this matter are that Gordon M. Smith, a former sheriff of Gladwin county, was selected by the defendant to procure certain affidavits and quitclaim deeds from the adult heirs of Rolland D. Weinberg. On or about the 28th day of January, 1937, he called at the home of Donald Weinberg in Flint where Donald Weinberg signed the affidavit and Donald Weinberg and wife signed *Page 84 
the quitclaim deed. Smith then called upon Bertha Richeson, also living in Flint, and had her sign a quitclaim deed which also contained a statement that Bertha Weinberg was the daughter of Rolland D. Weinberg also known as R.D. Weinberg. The following day Smith called upon Dan Weinberg and had him sign an affidavit and he together with his wife signed a quitclaim deed. At the time Mrs. Richeson signed the quitclaim deed, Mr. and Mrs. Alex Smith and Donald Weinberg were present. It also appears from the record that Mrs. Richeson graduated from high school with Gordon M. Smith and is a housewife; that Donald Weinberg has an eighth grade education and works in a factory; and that Daniel Weinberg has a twelfth grade education and is a bread salesman.
It is the claim of plaintiffs that when Gordon M. Smith called at their respective homes, he asked each of them to sign the above mentioned affidavit; that they signed a second paper, without reading it, believing it to be a copy of the affidavit as Gordon M. Smith told them it was; that at the time the papers were signed, oil had been discovered within a half mile of the mentioned land; that Gordon M. Smith knew this fact yet failed to give this information to any of plaintiffs; and that they relied upon what Gordon M. Smith told them as they considered him a friend and old acquaintance.
The burden of proof of proving the fraud alleged in this cause is upon plaintiffs. Hutchinson v. Poyer, 78 Mich. 337. Fraud will not be presumed. Graham v. Graham, 184 Mich. 638. It must be proven. Steele v. Shaffer, 241 Mich. 632.
In Sanborn v. Sanborn (syllabus), 104 Mich. 180, we held:
"A deed will not be set aside at the suit of a wife who joined with her husband in its execution to *Page 85 
secure his creditor, which indebtedness the wife had advised her husband to secure, on the ground that she was ignorant of the contents of the deed, where it appears that no misrepresentations were made to her at the time she executed the deed, and that she made no inquiry as to its form or contents."
In Sponseller v. Kimball, 246 Mich. 255, 260, this court said:
"The stability of written instruments demands that a person who executes one shall know its contents or be chargeable with such knowledge. If he cannot read, he should have a reliable person read it to him. His failure to do so is negligence which estops him from voiding the instrument on the ground that he was ignorant of its contents, in the absence of circumstances fairly excusing his failure to inform himself. 6 R. C. L. pp. 624, 625; Warren v. Federal Life Ins. Co., 198 Mich. 342;Weidner v. Northway Motor Manfg. Co., 205 Mich. 583."
The testimony in this cause relating to the signing of the quitclaim deeds is clearly in dispute, but an examination of the record discloses that the affidavits signed were typewritten and the one signed by Donald W. Weinberg reads as follows:
"Donald W. Weinberg of Flint, Michigan, being duly sworn deposes and says that he is the son of Rolland D. Weinberg who in 1921 was a widower, and during his lifetime was commonly known as R.D. Weinberg, and in a number of instances used the name of R.D. Weinberg in transferring property and other business."
The affidavit signed by Dan Weinberg was similar to the above. It is also to be noted that the wives of Donald and Daniel Weinberg did not sign either of the above affidavits, but did sign the quitclaim deeds and that Mrs. Richeson signed a quitclaim *Page 86 
deed. The quitclaim deeds were in the usual printed form. In our opinion had plaintiffs made the slightest observation they must have discovered the difference between the deed and the affidavit. There was nothing in the deed to lead one to believe that it was a copy of an affidavit.
In Jacobsen v. Whitely, 138 Wis. 434 (120 N.W. 285), the court said:
"It is an unsavory defense for a man who by false statements induces another to act to assert that if the latter had disbelieved him he would not have been injured.McClellan v. Scott, 24 Wis. 81, 86; Tyner v. Cotter,67 Wis. 482, 491 (30 N.W. 782). Nevertheless courts will refuse to act for the relief of one claiming to have been misled by another's statements who blindly acts in disregard of knowledge of their falsity or with such opportunity that by the exercise of ordinary observation, not necessarily by search, he would have known. He may not close his eyes to what is obviously discoverable by him. Northern Supply Co. v. Wangard,117 Wis. 624 (94 N.W. 785, 98 Am. St. Rep. 963; Kaiser v.Nummerdor, 120 Wis. 234 (97 N.W. 932), and cases there cited;Miller v. Hackbarth, 126 Wis. 50, 52 (105 N.W. 311)."
In Re Dosker's Estate, 284 Mich. 597, we said:
"There is no merit to defendant's claim that the indorsement was void because of fraudulent misrepresentations. By the exercise of the slightest powers of observation, it was apparent that the note first indorsed provided. * * * There is no claim that Mr. Dosker was prevented from reading the notes. * * * He thus had every opportunity to examine the notes carefully and would have no right to rely on representations so plainly and obviously contrary to the provisions of the notes. There is *Page 87 
no showing of fraud and the indorsement was valid and binding."
The decree of the circuit court is reversed and a decree will be entered here in accordance with this opinion. Defendants may recover costs against plaintiffs except as against the minors who are plaintiffs herein. Said minors may recover costs against defendants.
WIEST, C.J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.