WYRZYKOWSKI *v.* BUDDS.

HUBBARD STATE BANK, GARNISHEE.

1. JUDGMENT—GARNISHMENT—JURISDICTION—WAIVER OF QUESTION
   AS TO DEFECT.
   On appeal from order dismissing second writ of garnishment
   issued against same garnishee defendant, judgment in first
   garnishment proceeding was not void because of jurisdic-
   tional defect, where question as to such defect was waived
   in the first case by stipulation and not decided.

2. SAME—GARNISHMENT—RES JUDICATA—CHANGE OF CONDITIONS—
   THIRD PARTY CLAIMANT.
   Where second writ of garnishment was served on same gar-
   nishee defendant 11 days after judgment that fund belonged
   to principal defendant's wife, disclosure was made of same
   amount of money in possession by garnishee as before and
   that it belonged to principal defendant's wife as before
   disclosed and plaintiff made no showing of any other funds
   or any change of condition in the interim between the is-
   suance of the two writs, the court's finding in the first
   case was *res judicata* of plaintiff's rights against the gar-
   nishee and the issuance of the second writ was a gross
   abuse of process.

3. SAME—APPEAL AND ERROR—PUBLIC POLICY—OUSTER OF JURIS-
   DICTION OF SUPREME COURT—STIPULATION.
   Where parties in open court stipulated that intervenor waived
   objection to claimed jurisdictional defect in garnishment
   proceeding and plaintiff waived any right to appeal, the
   decision of the circuit court became final and binding upon
   the parties though it ousted the Supreme Court of jurisdic-
   tion of an appeal, such ouster of jurisdiction not being con-
   trary to public policy.

REFERENCES FOR POINTS IN HEADNOTES
[2] 5 Am Jur, Attachment and Garnishment, § 747.
[3] 2 Am Jur, Appeal and Error, § 204.

Appeal from Wayne; Maher (Thomas F.), J. Submitted May 25, 1949. (Docket No. 89, Calendar No. 44,331.) Decided June 29, 1949.

Garnishment proceedings by Mary Wyrzykowski against Charles F. Budds, principal defendant, and Hubbard State Bank, garnishee defendant. Ann M. Budds intervened as defendant. Judgment for defendants. Plaintiff appeals. Affirmed.

*Harry J. Lippman* (*Raymond A. Ballard,* of counsel), for plaintiff.

*Julian F. Russell,* for intervening defendant.

Boyles, J. In March, 1947, plaintiff obtained a judgment against Charles F. Budds for $15,200, with costs, which remains unsatisfied.

On July 15, 1947, plaintiff garnisheed the Hubbard State Bank to collect the judgment. The bank filed a disclosure denying liability to the principal defendant and representing that the moneys in the bank were the property of Ann M. Budds, his wife.

Ann M. Budds, by stipulation and court order, was permitted to intervene in the garnishment proceedings and filed a motion to dismiss the writ of garnishment on 2 grounds—(1) that the funds belonged to her; and (2) that plaintiff had failed to comply with the mandatory requirements of the statute* providing for garnishment proceedings against a nonresident principal defendant.

At the hearing before the circuit judge, counsel for Ann M. Budds and for the plaintiff stipulated in open court that Ann M. Budds waived her objection to the claimed jurisdictional defect in the proceeding and plaintiff waived any right to appeal;

* CL 1948, § 628.29 (Stat Ann § 27.1883).

and on that basis said parties submitted the matter to the court for final decision on the merits, without appeal.

The circuit judge held that the fund belonged to Ann M. Budds, entered judgment against the plaintiff, and no appeal was taken. Eleven days later plaintiff instituted a second garnishment against the same bank, on the same judgment, in which proceedings the garnishee defendant bank made the same disclosure as before. Ann M. Budds again intervened, again claimed the fund, and moved the court to dismiss the proceedings on the ground that the previous judgment was *res judicata,* and that the issuance of the second writ was a gross abuse of process.

The trial court so held, and from the order dismissing the writ of garnishment the plaintiff appeals. Her counsel claims—(1) that inasmuch as the first garnishment proceeding was void because of jurisdictional defects; and (2) because there is nothing to indicate that the fund garnisheed in the instant proceeding is the same as that claimed in the previous garnishment, the court erred in dismissing the writ.

We find no merit in either claim. The question in the first case as to the jurisdictional defect was waived and was not decided. Insofar as the present case is concerned, the former writ was not void. That case was submitted on its merits as to whether Ann M. Budds was the owner of the funds in the bank. On being served with the second writ 11 days later, the bank disclosed the same amount of money in its possession as before, and that it belonged to Ann M. Budds, as before disclosed. Nothing in this record tends to show the contrary. Plaintiff made no showing of any other funds or any change of condition in the interim between the issuance of the 2 writs, and the disclosure of the garnishee defendant

was not controverted at the hearing on the motion. On this record, the court's finding in the first case is *res judicata* of plaintiff's rights against the bank, and the issuance of the instant writ was a gross abuse of process.

Appellant now makes a claim that she is not barred by the unappealed judgment in the previous garnishment, because of her stipulation not to appeal from that decision. There is no merit in the claim.

"Where an arbitration agreement provides that any controversy between the parties thereunder shall be submitted to the circuit court, and that its decision shall be final, such agreement is valid and binding on the parties, though it ousts the Supreme Court of jurisdiction of an appeal, and precludes a review of the decision of the circuit court.

"On grounds of public policy, litigants should be encouraged to accept as final the decisions of courts of original jurisdiction." *Hoste* v. *Dalton* (syllabi), 137 Mich 522.

Affirmed, with costs to appellees.

SHARPE, C. J., and BUSHNELL, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.