## CHRISTENSEN v CHRISTENSEN

Docket Nos. 58336, 59547. Submitted January 4, 1983, at Grand
Rapids.—Decided June 22, 1983. Leave to appeal denied, 417
Mich 1100.45.

Following a series of transfers of a certain piece of property, the
plaintiffs, Frances Christensen and James S. and Lavina J.
Peterson, brought an action in the Ionia Circuit Court against
Otto H. and Geraldine C. Christensen, Lincoln Dygert, Ron L.
Stevenson and Keith F. and Margaret E. Cline seeking to
determine title in the land. The trial court, James L. Banks, J.,
found that the Clines were the owners of all legal and equitable
title to the property and had superior title to any right or title
claimed by any of the plaintiffs. The trial court granted a
motion for a directed verdict to that effect and also awarded
the Clines their reasonable expenses, including attorney fees,
incurred in preparing to disprove, and in disproving, the facts
alleged in counts I and IV of plaintiffs' complaint. Plaintiffs'
appeals from the directed verdict and the award of attorney
fees and costs were consolidated on appeal. *Held:*

1. The trial court did not abuse its discretion in awarding
attorney fees and costs to the Clines. The allegations contained
in plaintiffs' complaint against the Clines were unwarranted
and should not have been brought.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 98.
   20 Am Jur 2d, Costs § 87.
   20 Am Jur 2d, Courts § 82.
   61A Am Jur 2d, Pleading § 26.
[2] 4 Am Jur 2d, Appeal and Error § 195.
   7 Am Jur 2d, Attorneys at Law § 150.
[3] 36 Am Jur 2d, Forgery §§ 1, 3, 26, 37.5.
[4] 17 Am Jur 2d, Contracts §§ 149, 152.
[5] 58 Am Jur 2d, Notice § 14.
   77 Am Jur 2d, Vendor and Purchaser § 671 *et seq.*
   Occupancy of premises by both record owner and another as notice
      of title or interest of latter. 2 ALR2d 857.
[6] 66 Am Jur 2d, Records and Recording Laws § 55.
[7] 5 Am Jur 2d, Appeal and Error § 1024.
   22 Am Jur 2d, Damages §§ 236, 341.

2. The plaintiffs' stipulation in open court that they would not appeal the amount of attorney fees awarded, but only the propriety of the award itself, is binding on the plaintiffs and operates as a waiver on appeal.

3. There was no evidence on the record to establish plaintiffs' claim of constructive forgery. There is no evidence in the record of any intent to defraud on anyone's part. The most that is presented is the fact that Frances Christensen made a mistake in signing the quitclaim deed. This does not make out a case of constructive forgery.

4. Frances Christensen's failure to read the quitclaim deed is attributable to her alone.

5. The mere occupancy of the premises by the Petersons could not be notice to the Clines of a claim of an interest in the property when the Petersons did not make any claim in the face of the property being sold.

6. Since an alleged agreement between the Petersons and the Christensens, whereby the Petersons would eventually obtain title to the property after making the mortgage payments, was not recorded, it cannot defeat the interest of the Clines.

7. Plaintiffs failed to establish that the trial court erred in finding legal and equitable title to the property to be vested in the Clines.

8. This appeal was vexatious because it was taken without a reasonable basis for belief that there was a meritorious issue to be determined on appeal. Therefore, punitive damages are assessed against plaintiffs and in favor of the Clines in an amount equivalent to the expenses incurred by the Clines on appeal, including reasonable attorney fees. The Court of Appeals retained jurisdiction and remanded to the trial court for a determination of the amount of punitive damages.

Affirmed and remanded.

1. PLEADING — BAD FAITH — COSTS — COURT RULES.

The intent of the court rule regarding unwarranted allegations and denials is to impose realistic costs against a party as a deterrent to bad faith pleading, however, actual bad faith is not a prerequisite to the invocation of such court rule; review of an award of costs pursuant to the court rule is governed by an abuse of discretion standard (GCR 1963, 111.6).

2. STIPULATIONS — APPEAL — WAIVER.

A plaintiff's stipulation in open court that he will not appeal the amount of attorney fees awarded, but only the propriety of the award itself, is binding upon the plaintiff and operates as a

waiver on appeal of the plaintiff's challenge to the amount of attorney fees awarded.

3. FORGERY — INTENT TO DEFRAUD.

A forgery, whether actual or constructive, is a false making or material altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy; the essence of a forgery is some intent to defraud.

4. CONTRACTS — DEEDS — DEFENSES — IGNORANCE.

A person who signs and executes an instrument without inquiring as to its contents cannot have the instrument set aside on the ground of ignorance of the contents.

5. PROPERTY — REAL PROPERTY — CLAIM OF INTEREST — OCCUPANCY AS NOTICE.

The mere occupancy of certain premises is not notice to the buyer of the premises of a claim of a competing interest in the property by the occupant where such occupant does not make any claim of any interest in the face of the property being sold to the buyer.

6. DEEDS — RECORDING OF CONVEYANCES.

All conveyances of real estate must be recorded (MCL 565.29; MSA 26.547).

7. APPEAL — VEXATIOUS APPEALS — PUNITIVE DAMAGES — COURT RULES.

An appeal may be found to be vexatious where it is taken without any reasonable basis for belief that there is a meritorious issue to be determined on appeal; the Court of Appeals may assess punitive damages in favor of the defendant and against the plaintiff who brings a vexatious appeal (GCR 1963, 816.5[1][a], 816.5[2]).

*Thomas Rasmusson,* for plaintiffs.

*McShane & Bowie* (by *Keith P. Walker),* for Keith and Margaret Cline.

Before: MACKENZIE, P.J., and R. B. BURNS and E. A. QUINNELL,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiffs appeal as of right from the trial court's grant of a motion for directed verdict on behalf of defendants Cline. Plaintiffs also appeal from the trial court's grant of costs and attorney fees to the Clines pursuant to GCR 1963, 111.6.

The record indicates that the Petersons acquired title to the property in question in August, 1970, by warranty deed. The Petersons gave several mortgages on the property to secure debts. Certain mortgages given to First Security Bank and M.L.C. Corporation were foreclosed and the property was sold pursuant to a judicial decree in February, 1978, at a public auction. M.L.C. purchased the property for $50,000.

Frances Christensen and Otto H. and Geraldine C. Christensen purchased the property from M.L.C. as joint tenants for $37,000 by warranty deed dated February 16, 1979. By quitclaim deed dated February 21, 1979, Frances Christensen conveyed to Otto H. and Geraldine C. Christensen all of her interest in the property. Otto and Geraldine Christensen, by warranty deed dated October 19, 1979, sold the property to the Clines for $42,000, which was paid in full on October 19, 1979.

Plaintiffs thereafter brought suit to determine title in the land. The trial court found that the Clines were the owners of all legal and equitable title to the property and had superior title to any right or title claimed by any of the plaintiffs.

The trial court also awarded the Clines their reasonable expenses, including attorney fees, incurred in preparing to disprove, and in disproving, the facts alleged in counts I and IV of plaintiffs' complaint.

Plaintiffs first allege that the trial court abused its discretion in granting costs and attorney fees to

the Clines pursuant to GCR 1963, 111.6. We disagree.

In *Valley National Bank of Arizona v Kline,* 108 Mich App 133, 142; 310 NW2d 301 (1981), we held that the intent of GCR 1963, 111.6 was to impose realistic costs against a party as a deterrent to bad faith pleading. However, actual bad faith is not a prerequisite for GCR 1963, 111.6 to be invoked. See *Harvey v Lewis,* 10 Mich App 23, 32; 158 NW2d 809 (1968); *Fredal v Forster,* 9 Mich App 215; 156 NW2d 606 (1967). Review of an award of costs pursuant to GCR 1963, 111.6 is governed by an abuse of discretion standard. *Kline, supra,* p 143; *Three Lakes Ass'n v Kessler,* 101 Mich App 170, 176; 300 NW2d 485 (1980).

In this case the trial court did not abuse its discretion in awarding attorney fees and costs to the Clines. There is not a scintilla of evidence to support the civil conspiracy alleged in count IV. As will be further discussed, *infra,* there was nothing to make out a claim for constructive forgery as alleged in count I. The allegations contained in plaintiffs' complaint against the Clines were unwarranted and should not have been brought. The trial court was within its discretion in granting costs and attorney fees pursuant to GCR 1963, 111.6.

Further, plaintiffs stipulated in open court that they would not appeal the amount of attorney fees awarded, but only the propriety of the award itself. On appeal plaintiffs now attempt to challenge the amount of attorney fees awarded. The stipulation made in open court is binding upon plaintiffs and operates as a waiver on appeal. *Wyrzykowski v Budds,* 325 Mich 199; 38 NW2d 313 (1949); *Hoste v Dalton,* 137 Mich 522, 525-526; 100 NW 750 (1904).

Plaintiffs next argue that the trial court improperly granted defendants' motion for a directed verdict, as there was evidence on the record which would establish plaintiffs' claim of constructive forgery. We cannot agree.

A forgery, whether actual or constructive, is a false making or material altering, *with intent to defraud,* of any writing which, if genuine, might apparently be of legal efficacy. *McGinn v Tobey,* 62 Mich 252, 259; 28 NW 818 (1886). The essence of a forgery is some intent to defraud. See *Leidel v Ballbach,* 345 Mich 201; 75 NW2d 860 (1956); *Horvath v National Mortgage Co,* 238 Mich 354; 213 NW 202 (1927). This record is completely devoid of any evidence of an intent to defraud on anyone's part. The most that is presented is the fact that Frances Christensen made a mistake in signing the quitclaim deed. This does not make out a case of constructive forgery.

Additionally, Frances Christensen's failure to read the quitclaim deed is attributable to her alone. This state has long held that a person who signs and executes an instrument without inquiring as to its contents cannot have the instrument set aside on the ground of ignorance of the contents. *Richeson v Wagar,* 287 Mich 79, 84; 282 NW 909 (1938); *Sanborn v Sanborn,* 104 Mich 180, 184; 62 NW 371 (1895).

Plaintiffs' also argue that the presence of the Petersons on the property was notice to the Clines of a competing interest in the property. They contend that the Clines' failure to inquire of the Petersons as to their interest in the property was at their own peril. We disagree. In an identical situation in *Leidel v Ballbach, supra,* the Supreme Court held that mere occupancy of the premises could not be notice to the buyers of a claim of an

interest in the property when the occupant did not make any claim in the face of the property being sold. *Leidel* is dispositive of this case.

Plaintiffs argue further that an agreement between the Petersons and the Christensens, whereby the Petersons would eventually obtain title to the property after making the mortgage payments, would defeat the Clines' interest in the property. We disagree. MCL 565.29; MSA 26.547 requires every conveyance of real estate to be recorded. Since the alleged agreement between the Petersons and the Christensens was not recorded, it cannot defeat the interest of the Clines.

Plaintiffs have failed to establish that the trial court erred in finding legal and equitable title to the property to be vested in the Clines. Furthermore, we determine this appeal to be vexatious because it was taken "without any reasonable basis for belief that there was a meritorious issue to be determined on appeal". GCR 1963, 816.5(1)(a). We therefore assess punitive damages against plaintiffs and in favor of defendants Cline, in an amount equivalent to the expenses incurred by the Clines on appeal, including reasonable attorney fees. GCR 1963, 816.5(2). We retain jurisdiction and remand the case to the trial court for determination of the amount of punitive damages. *Cogan v Cogan,* 119 Mich App 476, 479; 326 NW2d 414 (1982).

Affirmed and remanded.