# STATE OF MICHIGAN

# COURT OF APPEALS

KAY BEE KAY HOLDING COMPANY, LLC,
and KAY BEE KAY PROPERTIES, LLC,

        Plaintiffs/Counter-
        Defendants/Third-Party Defendants,

v

PNC BANK, NA,

        Defendant,

and

SAID TALEB,

        Defendant/Counter-Plaintiff/Third-
        Party Plaintiff-Appellee,

v

KEITH B. KRAMER,

        Third-Party Defendant/Appellant.

UNPUBLISHED
November 8, 2016

No. 327077
Wayne Circuit Court
LC No. 12-006105-CZ

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Third-Party defendant, Keith B. Kramer (Kramer), appeals as of right the order confirming the arbitration award issued in this matter and entering judgment in favor of defendant/counter-plaintiff/third-party plaintiff, Said Taleb (Taleb). We affirm.

Kramer asserts that the trial court erred in permitting Taleb to file a countercomplaint and third-party complaint in response to the amended complaint. Specifically, Kramer contends that Taleb's counterclaim for defamation exceeded the applicable one-year statute of limitations period and should not have been allowed to proceed. He further argues that the defense of privilege precluded the defamation claim, which was premised on statements made by Kramer to the police and Attorney Grievance Commission. Finally, Kramer challenges the trial court's

granting of Taleb's motion for relief from judgment pertaining to the dismissal of Taleb's initial countercomplaint and third-party complaint for lack of timeliness, having been brought more than a year after the dismissal of Taleb's original pleadings.

In response, Taleb asserts that the claims of error by Kramer are simply an attempt to sidestep or avoid the parties' subsequent arbitration agreement and its various provisions. He contends that Kramer's arguments are rendered moot because he is attempting to obtain a review of rulings that were resolved in his favor based on the dismissal of the claims without prejudice to permit their resolution in arbitration. Finally, Taleb argues that the right to appeal the pre-arbitration rulings was waived by the agreement to arbitrate, citing to the specific language in the agreement to give "full legal effect" to the trial court's "prior rulings and decisions."

"Generally, an issue must be raised, addressed, and decided in the trial court to be preserved for review." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 751-752 n 40; 880 NW2d 280 (2015). Taleb filed a motion in the trial court seeking relief from the previous dismissal of his counterclaims. Kramer and KBK opposed this motion and also requested the trial court to strike Taleb's newly submitted countercomplaint and third-party complaint. Because the trial court ruled on this issue it is preserved for appellate review.

In addition, Kramer and KBK submitted a motion for summary disposition, asserting that Taleb had not sufficiently pleaded his claims, preclusion by the statute of limitations, the defense of privilege to the claim of defamation, and the impropriety and dilatory nature of Taleb's motion for relief. These issues were not, however, addressed or ruled on by the trial court because of the parties' stipulation to refer the matter to binding arbitration and the concurrent dismissal of the claims asserted in the trial court without prejudice. As such, the issues are not preserved for appellate review.

The grant or denial of summary disposition is reviewed de novo. *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 692; 880 NW2d 269 (2015). A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion. *Peterson v Auto-Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007) (citation omitted). This Court reviews de novo whether a claim is barred by the applicable statute of limitations. *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014). Issues pertaining to the proper interpretation of contracts are also reviewed de novo as questions of law. *In re Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008). Unpreserved issues are reviewed for plain error. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* (citation omitted).

The most efficacious manner of dealing with the parties' arguments on this issue is to begin from the broad perspective asserted by Taleb regarding the concepts of waiver and mootness before determining the need to proceed or address Kramer's claims of error on this issue.

Arbitration is a matter of contract and, as such, arbitration agreements "must be enforced according to their terms to effectuate the intentions of the parties." *Bayati v Bayati*, 264 Mich

App 595, 599; 691 NW2d 812 (2004). For purposes of the examination of the issue, the relevant provision of the arbitration order states: "Only the claims and defenses asserted as between Taleb and the Kramer Parties shall be submitted to binding Arbitration in the same legal position existing at the time this order is entered, with full legal effect given to all prior rulings and decisions of the Court during the pendency of the action. . . ." At the time the arbitration order was entered Kramer's October 22, 2013 amended complaint and Taleb's November 20, 2013 countercomplaint and third-party complaint were the "claims and defenses" existing, which were pending before the trial court and were to be given "full legal effect." The arbitration order mandated that "all prior rulings and decisions" by the trial court, which would encompass the February 28, 2014 orders granting Taleb relief from judgment and denying Kramer's motion to strike Taleb's new countercomplaint and third-party complaint, were within the authority of the arbitrator.

Importantly, Kramer does not raise any argument seeking to rescind the arbitration order or suggesting that it was not an enforceable agreement between the parties. See *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 101; 878 NW2d 816 (2016). As routinely recognized:

> The United States Supreme Court has listed the right to make and enforce contracts among those fundamental rights which are the essence of civil freedom. We respect[] the freedom of individuals freely to arrange their affairs via contract by upholding the fundamental tenet of our jurisprudence . . . that unambiguous contracts are not open to judicial construction and must be enforced as written, unless a contractual provision would violate law or public policy. [*Bloomfield Estates Improvement Ass'n, Inc v City of Birmingham*, 479 Mich 206, 212; 737 NW2d 670 (2007) (quotation marks, emphasis, and citations omitted).]

Thus, "when parties have freely established their mutual rights and obligations through the formation of unambiguous contracts, the law requires . . . enforce[ment of] the terms and conditions contained in such contracts[.]" *Id.* at 213 (citation and footnote omitted). The language of the stipulated order clearly demonstrates Kramer's agreement to submit all of the claims and defenses that were pending to the arbitrator and should be enforced as written.

Further, a waiver is routinely defined as "[t]he voluntary relinquishment or abandonment—express or implied—of a legal right or advantage. . . . The party alleged to have waived a right must have had both knowledge of the existing right and the intention of forgoing it." *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011) (citation omitted). In turn, "[a]n 'implied waiver' is defined as '[a] waiver evidenced by a party's decisive, unequivocal conduct reasonably inferring the intent to waive.' " *Id.* at 177, quoting *Black's Law Dictionary* (9th ed). "Proof of express words is not necessary, but the waiver may be shown by circumstances or by a course of acts and conduct which amounts to an estoppel." *Klas v Pearce Hardware & Furniture Co*, 202 Mich 334, 339; 168 NW 425 (1918) (citation omitted).

In this instance, Kramer stipulated to the removal of this matter and the existing issues and disputes, including "the claims and defenses asserted," from the trial court to binding arbitration. The terms of the arbitration order are clear and unambiguous and Kramer cannot now contend that earlier procedural errors by the trial court supersede or take precedence over

the content of the arbitration order. "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Varran v Granneman (On Remand)*, 312 Mich App 591, 623; 880 NW2d 242 (2015) (citation omitted).

It is difficult to ascertain Kramer's actual contention of error or harm. He asserts the trial court failed or ignored his statute of limitations and privileges defenses and improperly granted Taleb's motion for relief from judgment. Yet, the stipulated order removing the litigation to arbitration specifically included the "claims and defenses" that existed between the parties. In other words, with regard to Kramer's claim of error regarding the defenses raised in response to Taleb's counterclaim of defamation, the argument is without merit because any existing defenses comprised part of the referral of this matter to arbitration. The order concomitantly dismissed "without prejudice" in the trial court "the claims" asserted between the parties, which would of necessity include Taleb's defamation claim. As such, Kramer's claim of error is rendered moot. "A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision, in advance, about a right before it has been actually asserted and tested, or judgment upon some matter which, when rendered, for any reason cannot have practical legal effect upon the then existing controversy." *NL Ventures VI Farmington, LLC v City of Livonia*, 314 Mich App 222, ___; ___ NW2d ___ (2016); slip op at 10-11, lv pending (citation omitted).

Having found that Kramer's claims on this issue are waived or moot, we need not address them.

Next, Kramer contends the trial court erred in affirming the arbitration award because the arbitrator exceeded his authority and miscalculated the award of damages. Specifically, Kramer asserts that the arbitrator: (1) did not abide by the language of the arbitration order requiring him to make specific findings on each claim and defense asserted; (2) disregarded the applicable statute of limitations; (3) ignored the law of privilege as a defense to Taleb's defamation claim; (4) did not reduce the award of future damages to present value; and (5) improperly awarded costs and attorney fees to Taleb.

"This Court reviews de novo a circuit court's decision to enforce, vacate, or modify an arbitration award." *Cipriano v Cipriano*, 289 Mich App 361, 368; 808 NW2d 230 (2010). "Whether an arbitrator exceeded his or her authority is also reviewed de novo." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009). Specifically:

> A reviewing court may not review the arbitrator's findings of fact, and any error of law must be discernible on the face of the award itself. By "on its face" we mean that only a legal error that is evident without scrutiny of intermediate mental indicia, will suffice to overturn an arbitration award. Courts will not engage in a review of an arbitrator's mental path leading to [the] award. Finally, in order to vacate an arbitration award, any error of law must be so substantial that, but for the error, the award would have been substantially different. [*Id*. at 672-673 (internal quotation marks and citations omitted).]

-4-

"Whether this Court has jurisdiction to hear an appeal is an issue reviewed de novo." *Varran*, 312 Mich App at 598.

Preliminarily, Taleb asserts that this Court lacks jurisdiction premised on provisions within the arbitration order indicating the waiver of a right to appeal. The arbitration order provides, in relevant part:

> (5) The arbitrator need not author a written opinion explaining the reasons for his decision, but shall author a decision that clearly identifies whether any party has succeeded or failed on each and every claim and/or defense asserted in the matter. Such decision will be binding, *without right to appeal*. The award of the arbitrator will represent a full and final resolution between the Taleb and Kramer Parties as to any amounts that may be due and owing, including any costs, interest, and attorney fees, which will be enumerated separately.
>
> * * *
>
> (7) The claims asserted only as between the Kramer Parties and Taleb are dismissed without prejudice, without costs or attorney fees to any party. The Kramer Parties and Taleb *waive any right of appeal*. [Emphasis added.]

" 'No appeal' provisions in contracts have long been recognized by this Court as valid and binding." *Collier v Pruzinsky*, 477 Mich 1121; 730 NW2d 243 (2007). Our Supreme Court has stated:

> Where an arbitration agreement provides that any controversy between the parties thereunder shall be submitted to the circuit court, and that its decision shall be final, such agreement is valid and binding on the parties, though it ousts the Supreme Court of jurisdiction of an appeal, and precludes a review of the decision of the circuit court. [*Wyrzykowski v Budds*, 325 Mich 199, 202; 38 NW2d 313 (1949) (citation omitted).]

There also exists, however, the commensurate recognition that:

> A party who voluntarily agrees to submit a specific grievance to arbitration may be precluded from later challenging the "arbitrability" of that grievance. It does not follow, however, that by voluntarily submitting to arbitrate a specific grievance a party waives his rights completely to later challenge the arbitral award on the ground that the arbitrator exceeded his authority. [*Port Huron Area Sch Dist v Port Huron Ed Ass'n*, 426 Mich 143, 161; 393 NW2d 811 (1986) (internal citation and footnote omitted).]

The wording of the arbitration order indicates that the arbitrator's decision on the claims and defenses of the parties is "binding, without right to appeal." While this language indicates that the arbitrator's decision on the claims is final and without a right to appeal, it does not serve to preclude a claim that the decision of the arbitrator was not legally proper. Hence, although limited, this Court does not lack jurisdiction to address Kramer's assertions that the arbitrator exceeded his authority or committed an error of law.

Primarily, Kramer contends the arbitration award should have been vacated pursuant to MCR 3.602(J)(2)(c). Arbitrators "exceed their power whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 434; 331 NW2d 418 (1982). In turn, errors of law are subject to review only if the arbitrator acted with "manifest disregard of the law," defined as an arbitrator having "been presented with controlling precedent which they refused to apply." *Id*. at 441-442. Specifically:

> "[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside." [*Id*. at 443 (citation omitted).]

Initially, Kramer asserts the arbitrator exceeded his authority by awarding costs and attorney fees, by failing to apportion the damages awarded and miscalculating the award by failing to reduce future damages to present value. Contrary to this position, the arbitration order specifically permits the arbitrator to determine an award that "will represent a full and final resolution . . . as to any amounts that may be due and owing, including any costs, interest and attorney fees. . . ." As this Court has previously recognized,

> Remanding the arbitration award in this case would force the arbitrator to place the substance of his deliberations, mental impressions, and factual conclusions on the record, thwarting the arbitration's natural efficiency and improperly expanding the court's review of the case. This result would run contrary to our Supreme Court's statement in *Gavin*, [416 Mich] at 429, that "[i]t is only the kind of legal error that is evident without scrutiny of intermediate mental indicia which remains reviewable." Therefore, a trial court may not hunt for errors in an arbitrator's explanation of how it determined who is liable under the arbitrated contract, and who owes what damages to whom. [*Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 558; 682 NW2d 542 (2004).]

Because the jurisdiction of the arbitrator is defined and established in accordance with the contract of the parties to engage in arbitration, *Beattie v Autostyle Plastics, Inc*, 217 Mich App 572, 577-578; 552 NW2d 181 (1996), the arbitrator, in this instance, did not exceed the authority granted to him in the arbitration order in rendering a decision on an award of costs and attorney fees or by failing to reduce the award to present value or apportion damages.

Kramer further contends the arbitrator exceeded his authority or committed an error of law in failing to abide by the directive of the arbitration order requiring that he "clearly identifies whether any party has succeeded or failed on each and every claim and/or defense asserted in the matter" and the commensurate failure to address the defenses of the statute of limitations expiration and privilege in regard to Taleb's claim of defamation. As discussed by this Court in *City of Ann Arbor v American Federation of State, Co, and Muni Employees (AFSCME) Local 369*, 284 Mich App 126; 771 NW2d 843 (2009):

Judicial review of an arbitrator's decision is narrowly circumscribed. A court may not review an arbitrator's factual findings or decision on the merits. . . . Nor may a court substitute its judgment for that of the arbitrator. [H]ence [courts] are reluctant to vacate or modify an award when the arbitration agreement does not expressly limit the arbitrators' power in some way. The inquiry for the reviewing court is merely whether the award was beyond the contractual authority of the arbitrator. If, in granting the award, the arbitrator did not disregard the terms of his or her employment and the scope of his or her authority as expressly circumscribed in the contract, judicial review effectively ceases. Thus, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error. [*Id*. at 144-145 (internal quotation marks and citations omitted.)]

Initially, the arbitrator clearly and unequivocally determined that the evidence and testimony provided by Kramer "does not support the burdens of proof required to sustain the allegations of liability . . . against SAID TALEB," resulting in a "no cause for action" of Kramer's various claims. Clearly, the arbitrator's decision was encompassing and inclusive despite the failure to specify each individual claim raised by Kramer. While not specifying each of Taleb's counterclaims and any defenses raised in response, the arbitrator was explicit in finding that Kramer exhibited a pattern of behavior regarding the dismissal of employees, including Taleb that involved suspect criminal accusations. The arbitrator specifically noted the allegations made by Kramer to the police and Attorney Grievance Commission, but also indicated false assertions by Kramer to PNC "in its allowance of alleged Taleb check forgery," thus indicating communications by Kramer regarding criminal activity by Taleb to PNC. Further, the arbitrator found, as fact, that "Kramer's allegations of criminal activity are his standard operating procedure and are malicious in their nature," as well as "intentional." As a result, the arbitrator found that Taleb was entitled to lost wages, future wages, exemplary damages "for mental anguish and loss of reputation," costs, and attorney fees.

In evaluating whether an arbitration award is subject to review for an alleged error of law, it is generally acknowledged:

A reviewing court may not review the arbitrator's findings of fact, and any error of law must be discernible on the face of the award itself. By "on its face" we mean that only a legal error "that is evident without scrutiny of intermediate mental indicia," will suffice to overturn an arbitration award. Courts will not engage in a review of an "arbitrator's 'mental path leading to [the] award.' " Finally, in order to vacate an arbitration award, any error of law must be "so substantial that, but for the error, the award would have been substantially different." [*Washington*, 283 Mich App at 672 (citations omitted).]

There is no basis, discernible on the face of the award, to suggest or find "that the arbitrator's award was in contravention of controlling law." *Id*. at 673-674. The various claims raised by Taleb and any of Kramer's asserted affirmative defenses were matters relegated to the arbitrator for decision. There exists no indication on the face of the award as authored by the arbitrator to indicate the manner in which the arbitrator applied the law to the facts of this case in ascertaining

Taleb's damages. As such, there is no error that is apparent on the face of the award. In practice, Kramer seeks to have this Court evaluate the merits of the decision by the arbitrator, which is not permissible. See *Dohanyos v Detrex Corp*, 217 Mich App 171, 177; 550 NW2d 608 (1996).

Further, Kramer assumes that the damages awarded to Taleb are for defamation, but ignores the equal probability that the award is premised on finding Taleb's claim of abuse of process, which has as its elements "(1) an ulterior purpose, and (2) an act in the use of process that is improper in the regular prosecution of the proceeding." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992). "A meritorious claim of abuse of process contemplates a situation where the defendant has availed himself of a proper legal procedure for a purpose collateral to the intended use of that procedure[.]" *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 322; 788 NW2d 679 (2010) (citation omitted). In this instance, the abuse of process allegations pertain to the filing of a claim of embezzlement against Taleb to impugn his reputation and improperly recoup monies for which there was no entitlement. Similarly, the award for "mental anguish" could be attributable to Taleb's claim of intentional infliction of emotional distress. As such, it is not apparent from the face of the award that the arbitrator's decision regarding the claim of defamation and the defenses asserted in response thereto are actually dispositive in terms of the award.

Affirmed. Taleb is entitled to costs as the prevailing party. See MCR 7.219(A).

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto